DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Robert Rose, appeals the decision of the Summit County Court of Common Pleas, finding him in violation of community control sanctions[1] and re-imposing the prison sentence previously suspended. This Court affirms.
 I. {¶ 2} On December 17, 2001, appellant was indicted on one count of aggravated possession of drugs, a violation of R.C.2925.11(A); and one count of illegal use or possession of drug paraphernalia, a violation of R.C. 2925.14(C)(1). Appellant pled guilty to aggravated possession of drugs, and the charge of illegal use or possession of drug paraphernalia was dismissed. Appellant was sentenced to a prison term of two years. Appellant was granted judicial release and placed on two years community control in an entry dated October 31, 2002. One of the conditions of his community control sanction was that appellant was to complete treatment with the UMADAOP program.
 {¶ 3} Lisa Davis, appellant's probation officer, charged appellant with a violation of his community control. On June 4, 2003, appellant pled not guilty to violating community control. The trial court held a hearing on the community control violation and found appellant guilty of violating community control. In an entry dated September 3, 2003, the trial court revoked appellant's community control and sentenced him to the remainder of his two-year sentence on the aggravated possession of drugs conviction.
 {¶ 4} Appellant timely appealed, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred in finding that the appellant violated his community control because the appellee presented insufficient evidence to support its claim of community control violations and because such a finding was against the manifest weight of the evidence."
 SECOND ASSIGNMENT OF ERROR
"The trial court erred in finding that the appellant violated his community control because the insufficient evidence was presented at the community control violation hearing indicative of the appellant's willfulness."
 {¶ 5} In his first assignment of error, appellant avers that the trial court's finding that appellant was terminated from the UMADAOP program because he missed a total of three sessions was not supported by sufficient evidence in the record, and was also against the manifest weight of the evidence. In his second assignment of error, appellant contends that his third absence from the UMADAOP program, which resulted in his being dropped from the program, was not willful. The two have been combined for purposes of this Court's review. For the following reasons, this Court finds that appellant's assignments of error are without merit.
 {¶ 6} Community Control Violation
 {¶ 7} In order for an offender under a community control sanction to have that sanction revoked, the prosecution must prove a violation by a preponderance of the evidence. State v.Newman (July 10, 1991), 9th Dist. No. 14984. Appellant claims that the trial court's finding that he violated his community control was not supported by sufficient evidence and was against the manifest weight of the evidence.
 {¶ 8} When a manifest weight argument is asserted, this Court will:
"review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Citations omitted.) State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 9} In State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, this Court held:
"[S]ufficiency is required to take a case to the jury. * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.)
 {¶ 10} Lisa Davis, appellant's probation officer, testified on behalf of the State. Ms. Davis testified that one of the conditions of appellant's community control was that he was required to complete treatment at the UMADAOP program. Ms. Davis testified that appellant was terminated from UMADAOP due to his failure to attend three scheduled meetings. Ms. Davis further testified that appellant had missed two sessions prior to his incarceration on domestic violence charges.
 {¶ 11} In his brief, appellant focuses solely on his dismissal from the UMADAOP program and the fact that the third absence he had was due to his incarceration and, therefore, was not willful. However, the trial court's journal entry does not state a specific reason why appellant's community control was revoked. A review of the record reveals that appellant had not complied with other conditions of his community control. Upon being questioned regarding appellant's compliance with the other terms of his community control, Ms. Davis testified that appellant had failed to be assessed by the community health center as was required in the conditions of his community control. Furthermore, Ms. Davis testified that appellant did not inform her of his arrest on the domestic violence charges within the time frame outlined in the rules of his community control.
 {¶ 12} Given the above testimony, the trial court's finding that appellant was in violation of his community control was not against the manifest weight of the evidence. Having found that the trial court's finding that appellant was in violation of his community control was not against the manifest weight of the evidence, we necessarily conclude that there was sufficient evidence to support the trial court's finding that appellant had violated his community control.
 {¶ 13} Revocation of Community Control and Re-imposition ofSentence
 {¶ 14} Once a community control violation is proven, this Court reviews the trial court's decision to actually revoke community control under an abuse of discretion standard. Statev. Adams (1980), 62 Ohio St.2d 151, 157. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 15} After reviewing the record, this Court concludes that the trial court did not abuse its discretion in revoking appellant's community control and re-imposing the remainder of appellant's sentence on the aggravated possession of drugs conviction.
 III. {¶ 16} Appellant's two assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, J. Whitmore, J. Concur.
[1] Prior to Am.Sub.S.B. No. 2, this was known as probation. The term "probation" is now only used when referring to suspended sentences for misdemeanors. See R.C. 2951.02. The terms "probation" and "community control sanction" will be treated as synonymous when applying caselaw that predates the change in terminology.