THE STATE OF OHIO, APPELLANT, *v.* MILLER, APPELLEE.

[Cite as State v. Miller (1975), 42 Ohio St. 2d 102.]

(No. 74-328—Decided April 16, 1975.)

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Miles C. Durfcy,* for appellant.

*Mr. Timothy J. O'Connell, Mr. Richard H. Ferrell* and *Mr. Bernard Z. Yavitch,* for appellee.

O'NEILL, C. J. In *Gagnon* v. *Scarpelli* (1973), 411 U. S. 778, it was held, at page 782, that "* * * a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in *Morrissey* v. *Brewer* * * *." Therefore, although the revocation proceedings in question here involved revocation of probation, they must be examined in light of *Morrissey.*

The minimum due process requirements for revocation of parole set forth in *Morrissey* v. *Brewer* (1972), 408 U. S. 471, 489, include:

" * * * (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. * * * "

The record in this case shows that the original probation officer assigned to supervise appellee during the probation period did not appear at the revocation hearing and that another probation officer testified as to the contents of the probation department record. The testifying officer admitted that his testimony was based only upon the probation department records; he also indicated that the entries contained in that record were made by appellee's probation officer at the time.

The determinative issue is whether the trial court, in permitting a probation officer who did not prepare the entries in the probation department record to testify as to the contents of that record, denied appellee his "right to confront and cross-examine adverse witnesses."

The question of confrontation presented in this case is similar to that presented in *State* v. *Tims* (1967), 9

Ohio St. 2d 136, 224 N. E. 2d 348. In that case, the defendant was prosecuted for statutory rape, and, at trial, a document entitled "Report of Examination for Alleged Rape" was admitted in evidence through a clerk in the medical record room of the hospital who admitted that she had not made the examination and was not present when it was made. The question before the court in that case was "whether the report of the examination for alleged rape was properly admitted into evidence under the provisions of Section 2317.40, Revised Code (Business Records as Evidence Act)." It was held that the Business Records as Evidence Act was not applicable. In the course of the opinion, the court commented on the right to confrontation, at page 138, as follows:

"One of the basic and fundamental rights guaranteed an accused by both the state and federal Constitutions is the confrontation of the witnesses against him. Section 10, Article I of the Ohio Constitution, provides that an accused has a right 'to meet the witnesses face to face.' * * *

"This right of confrontation includes the right of cross-examination of the person who is the actual witness against him. If applicable in a criminal case, the Business Records as Evidence Act denies him such right. The Act permits the introduction of evidence in the form of records without requiring the presence of the person who actually made the examination. It is this person who is the actual witness against the accused, not the custodian, and it is this witness that the accused has the right to cross-examine to determine his qualifications and to determine whether the tests were made properly.

"Here, the actual witness against the appellant was the examining physician whose findings were incorporated in the record offered as evidence.

"The effect of admitting hospital records in this type of case would be to allow the examining physician to testify without being subject to cross-examination.

"The Rules of Civil Procedure are not, therefore, applicable in a criminal case, where such rules would serve to deprive an accused of a constitutional right."

Following the reasoning expressed in *Tims*, it is the opinion of this court that, by permitting a probation officer who did not prepare the entries for appellee's probation department record to testify as to the contents of that record, the trial court denied appellee his "right to confront and cross-examine adverse witnesses."

Although appellant does not contend in this court that R. C. 2317.40 is applicable, the argument is made that a holding that appellee was entitled to the confrontation and cross-examination of his original probation officer leaves unanswered the question " * * * as to what would happen if * * * [the original probation officer] refused to be a witness, was unable to be found or was dead."

However, the court in *Morrissey* did not overlook such possibilities. *Morrissey* provides for an exception to the confrontation requirement in parole revocation hearings where "the hearing officer specifically finds good cause for not allowing confrontation." After specifying the minimum due process requirements for revocation of parole in *Morrissey*, Chief Justice Burger observed, at page 489:

" * * * We emphasize that there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial."

The record here does not indicate that appellee's original probation officer, although no longer employed by the probation department, was unavailable, or that the trial court made a specific finding of good cause for not allowing confrontation. The trial court, therefore, did not provide appellee the minimum due process requirements specified in *Morrissey* at his probation revocation hearing.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.