[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
On October 2, 1998, the Huron County Court of Common Pleas revoked the shock probation it had previously granted to appellant, David J. Stephens. The trial court revoked the probation after it ruled that appellant violated several conditions of his probation. The trial court ordered appellant to return to prison to serve out the remainder of the sentence it imposed upon him after he pleaded guilty to aggravated burglary and receiving stolen property.
Appellant is appealing the revocation of his probation and has presented three assignments of error for consideration, that are:
 "ASSIGNMENT OF ERROR NUMBER ONE THE COURT ERRED BY PERMITTING A HURON COUNTY PROBATION OFFICER TO TESTIFY TO HEARSAY MATTERS INVOLVING MATTERS BETWEEN THE DEFENDANT AND HIS FORMER PROBATION OFFICER AND PERMITTING A TIFFIN POLICE OFFICER TO TESTIFY TO MATTERS THAT A FELLOW OFFICER ALLEGEDLY OBSERVED.
"ASSIGNMENT OF ERROR NUMBER TWO
 "THE COURT ERRED BY REFUSING TO STRIKE THE TESTIMONY OF POLICE OFFICER EDWARDS BECAUSE IT WAS HEARSAY.
 "ASSIGNMENT OF ERROR NUMBER THREE THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE DEFENSE ATTORNEY DID NOT MOVE FOR A DIRECTED VERDICT AT THE CLOSE OF THE STATES [SIC] PRESENTATION"
To understand the arguments presented, we must further review the facts and procedure in this case.
The record shows that appellant was initially sentenced for aggravated burglary and receiving stolen property on October 25, 1995. He was granted shock probation on May 31, 1996 with several conditions.
On August 25, 1998, a complaint was filed by his probation officer in the Huron County Court of Common Pleas. The complaint contained allegations that appellant had violated several of his conditions for probation. The trial court held a hearing on the complaint.
A police officer from the Tiffin Ohio Police Department testified first. He said he was in charge of the night shift on August 7, 1998 and that he provided back up on a stop that night. He was told by the officer on the scene that the initial stop was for disregarding a red light. The other officer ran the driver's license of the individual who was driving the vehicle when he pulled it over for running the red light. The testifying officer heard the report broadcast over the radio that appellant's driver's license was suspended.
When the testifying officer arrived to provide back up, appellant was standing outside of his car talking with the officer who made the stop. The testifying officer saw a woman sitting in the front seat on the passenger side of appellant's vehicle. The testifying officer said that he heard appellant make an admission to the other officer that his driver's license was under suspension. The testifying officer admitted that he did not see appellant driving a motor vehicle or running a red light.
Appellant's probation officer was the second witness at the hearing. He testified that he was appellant's probation officer for the two months prior to the hearing. He had the probation department file for appellant. The file contained a document listing the conditions for appellant's probation that appellant signed. The probation officer testified that appellant violated several of those conditions.
For instance, appellant did not tell the probation officer that he had been arrested for driving with a suspended driver's license, even though one of his conditions for probation was that he would inform his probation officer of any arrests or other contact with law enforcement agencies. Appellant also failed to meet the conditions that he keep his probation officer informed of his current address and that he not move to a new address without prior approval from his probation officer. Appellant had agreed to pay twenty percent of his income each month toward a condition that he pay restitution and court costs, yet when the probation officer checked court records and the probation department file, he learned appellant paid nothing from his income after July 1997. He had a condition for probation that he successfully complete a substance abuse treatment program, but he stopped attending the course in May 1998. Finally, he failed to comply with his obligation to report to his probation officer from July 10, 1998 until August 7, 1998 when he was arrested.
On cross-examination, the probation officer testified that appellant had reported to three different probation officers before the case was assigned to him. He testified that he had the "field notes" of the case, showing him what was recorded by the other probation officers before the case was assigned to him.
The final witness at the hearing was appellant. He admitted on the stand that he did move without prior permission from his probation officer. He said he had a hard time reaching his probation officer, and that he did leave a voice mail message asking the officer to call him back. He testified that he quit making restitution payments in July 1997, even though he continued to work, because he needed all of his income to support his ex-girlfriend and her three children. He admitted he was driving the car when he was stopped by the police officer from the Tiffin Ohio Police Department. He also admitted that when he was driving he did not have a valid driver's license. He explained that he did not have a driver's license because he could not afford to pay a reinstatement fee. Finally, he testified that he did call the probation department to report his arrest for driving with a suspended license. He said he could only reach the voice mail for the department and he left a message asking for his call to be returned, but did not say in the message that he had been arrested.
At the close of the presentation of testimony, the following exchange took place between appellant's counsel and the trial judge:
 "MR. WINEMAN: Your Honor, I would have one motion based upon the officer from Tiffin's testimony that he didn't observe, I just ask that that portion be stricken as to not observing him drive that day.
"THE COURT: You would ask that it be stricken?
 "MR. WINEMAN: His testimony — I believe he testified on direct that — at least I got the impression that he observed the defendant operating the motor vehicle, and upon cross-examination he indicated that the defendant was outside of the vehicle when he got there. That's all.
 "THE COURT: Well, I don't strike testimony. I mean if the testimony is inconsistent, that's your contention, then you may argue that, but that's — but, I don't strike testimony because he was inconsistent."
Appellant's first and second assignments of error are interrelated and will be considered together. In support of his first two assignments of error, appellant argues that the trial court should not have permitted the Tiffin Police officer or appellant's probation officer to testify because they could not present any direct evidence, only hearsay.
Appellee responds that the probation officer did give some direct testimony to show that appellant did not tell that probation officer or any other member of the probation department about his change of address, his failure to pay restitution, or his arrest for driving with a suspended license. Appellee also says the probation officer properly relied upon records from the clerk of courts and the probation department to substantiate portions of his testimony relating to probation violations committed by appellant. Appellee further argues that appellant made no objection at trial to the testimony of the probation officer.
As to the testimony of the police officer, appellee points out that the police officer overheard appellant first denying and then admitting that he was driving under suspension. Appellee says the admission of the testifying officer that he did not actually see appellant driving was helpful to appellant, but that it did not render the officer's testimony irrelevant.
Finally, appellee notes that appellant took the stand and made several admissions that proved he violated his probation. Appellant admitted he moved without permission from his probation officer, that he stopped making restitution payments while he still received income from employment, that he was not pursuing substance abuse treatment, and that he was driving with a suspended driver's license. Therefore, even if the testimony of the police officer and the probation officer was nothing but hearsay, it was corroborated by appellant's own admissions, which are not hearsay.
In 1975, the Supreme Court of Ohio considered a case in which objections were raised to testimony of a probation officer on the basis that it was hearsay, since the officer's testimony consisted of reading probation department records. State v.Miller (1975), 42 Ohio St.2d 102. The Supreme Court of Ohio ruled:
 "Where at a probation revocation hearing the trial court permits a probation officer who did not prepare the entries in the probation department record to testify as to the contents of that record and the probation officer who prepared the entries does not appear, there is a denial of the probationer's right to confront the witnesses against him, and, where the record does not show that the probation officer who prepared the entries was unavailable or that a specific finding was made of good cause for not allowing confrontation, there is a denial of the minimum requirements of due process of law required for probation revocation proceedings. (Morrissey v. Brewer, 408 U.S. 471, and Gagnon v. Scarpelli, 411 U.S. 778, followed.)" State v. Miller, 42 Ohio St.2d 102, syllabus.
Accordingly, if objections were properly presented to the trial court regarding hearsay testimony, some of the evidence presented in this case by appellee should have been excluded. See, also State v. Wilson (Oct. 24, 1997), Champaign App. No. 96-CA-22, unreported (failure to object to hearsay used to prove specification resulted in waiver on appeal).
However, in this case, appellant did not present an objection to the trial court relating to the testimony of the probation officer or to the testifying police officer on the basis that the testimony was hearsay. Appellant did not make any objection to the probation officer's testimony, and only objected that the testifying police officer's testimony should be stricken on the basis that it was inconsistent. The trial court correctly ruled that inconsistency in testimony is not a basis for exclusion of the testimony.
In addition, not all of the testimony presented by the testifying officer and by appellant's probation officer was hearsay. For instance, the testifying officer heard appellant make a party admission that his driver's license was suspended and he heard the radio report that appellant's driver's license was suspended. The testifying officer also offered testimony about circumstantial evidence he personally saw that supports the conclusion that appellant was driving the vehicle before it was stopped.
The circumstantial evidence included that appellant was standing next to the stopped vehicle talking with the arresting officer when the testifying officer arrived. Meanwhile, the testifying officer saw a woman seated on the passenger side of appellant's car.
The probation officer testified that even though he was appellant's probation officer at the time appellant was arrested for driving with a suspended license, appellant never reported his arrest, a requirement for his probation. The probation officer also testified that appellant was not living at the address he listed with the probation department, and did not tell the probation officer that he had moved, another violation of his probation terms.
Finally, appellant's admissions, both at the scene of his arrest and from the witness stand, were sufficient by themselves to prove he violated the terms of his probation. Appellant admitted that he was driving a vehicle when his license was under suspension, that he moved without prior permission from his probation officer, that he never told his probation officer his current address, that he stopped paying restitution while he was still employed and receiving income, that he did not complete a substance abuse treatment program, and that he did not tell his probation officer about his citation for driving with a suspended driver's license. Accordingly, appellant's first and second assignments of error are not well-taken.
In support of his third assignment of error, appellant argues that he received ineffective assistance of counsel. He says that his trial counsel should have asked for a directed verdict at the close of the state's case. He argues that because the state only presented hearsay evidence, the directed verdict would have been granted.
The Supreme Court of Ohio has ruled:
 "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, followed.)" State v. Bradley (1989), 42 Ohio St.3d 136, 137, paragraph two of the syllabus.
Even assuming arguendo that a motion for a directed verdict applies in a probation revocation hearing and that appellant's trial counsel's failure to present the motion fell below an objective standard of reasonable representation, this court cannot find that appellant was prejudiced by the failure. As we noted in our discussion of the previous assignments of error, there was non-hearsay testimony presented by the state that would show appellant was driving with a suspended license, and that he failed to tell his probation officer about his arrest for that offense and about his change of address. This evidence was sufficient to support a finding that appellant violated the terms of his probation and that the violations were significant enough to require revocation of his probation. Accordingly, appellant has not met the second part of the two-part test for ineffective assistance of counsel, and his third assignment of error is not well-taken.
The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 James R. Sherck, J.
CONCUR.