Appellant, Brian K. Bates, appeals from a judgment of the Franklin County Court of Common Pleas that revoked his probation and sets forth the following assignment of error:
 The trial court improperly revoked Appellant's probation, in violation of his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
In June 1997, appellant pled guilty to two felonies and one misdemeanor, and, in August 1997, he was sentenced to community control for thirty-six months for each of the felonies and to probation for thirty-six months for the misdemeanor. In September 1998, following a hearing, the trial court revoked appellant's probation for failure to complete the program at the Franklin County Community Based Correctional Facility ("CBCF") and sentenced him to eight months and ten months respectively for each of the felonies, with the sentences to be served consecutively, and sentenced appellant to six months for the misdemeanor with the days suspended for time served. In his assignment of error, appellant argues the revocation hearing provided failed to meet the minimal constitutional requirements for due process. We agree.
The state's only witness was David Dulin, a probation officer at CBCF, who testified solely from the CBCF file. Dulin testified that he had no personal contact with appellant; no personal knowledge of the violations that led to appellant being terminated from the program; was not custodian of the records, although he testified the records were kept in the usual and ordinary course of business of CBCF; and had no personal knowledge of the accuracy of the records kept in the file. The trial court admitted the CBCF file as a business records exception to the hearsay rule. The court denied the state's request for a continuance to call other witnesses.
The issue in this case is not an evidentiary one, that is, whether the records of CBCF would be admissible as business records and, under the facts of this case, they would not, but whether the hearing comported with minimal due process requirements of the United States and Ohio Constitutions.
In Morrissey v. Brewer (1972), 408 U.S. 471, the United States Supreme Court set forth the minimal due process requirements in dealing with parole revocation hearings. InGagnon v. Scarpelli (1973), 411 U.S. 778, the court applied the doctrine of Morrissey to probation revocation hearings and held that probation revocation, like a parole revocation, is not a stage of a criminal proceeding but, nonetheless, results in the loss of liberty, requiring that the probationer be accorded due process. The court held that a probationer is entitled to a preliminary and a final revocation hearing as set forth inMorrissey and further stated, at 786:
 * * * At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing. 408 U.S., at 487, 92 S.Ct., at 2603. The final hearing is a less summary one because the decision under consideration is the ultimate decision to revoke rather than a mere determination of probable cause, but the "minimum requirements of due process" include very similar elements:
 "(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole." Morrissey v. Brewer, supra, at 489, 92 S.Ct. at 2604.
In State v. Miller (1975), 42 Ohio St.2d 102, syllabus, the Ohio Supreme Court followed Morrissey and Gagnon, and held:
 Where at a probation revocation hearing the trial court permits a probation officer who did not prepare the entries in the probation department record to testify as to the contents of that record and the probation officer who prepared the entries does not appear, there is a denial of the probationer's right to confront the witnesses against him, and, where the record does not show that the probation officer who prepared the entries was unavailable or that a specific finding was made of good cause for not allowing confrontation, there is a denial of the minimum requirements of due process of law required for probation revocation proceedings. (Morrissey v. Brewer, 408 U.S. 471, and Gagnon v. Scarpelli, 411 U.S. 778, followed.)
Because the hearing provided appellant does not meet the requirements of Morrissey, Gagnon and Miller, appellant's assignment of error is sustained, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings consistent with this decision.
TYACK and PETREE, JJ., concur.