JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Mary Sue Spille was convicted of possession of cocaine and placed on community control. Later, after Spille committed various infractions, the court revoked her community control and imposed a sentence of incarceration. Spille now appeals the revocation of community control and the sentence of incarceration. She asserts two assignments of error. In the first, she asserts that the court improperly prevented her from personally addressing the court. In the second, she asserts that the court improperly prevented her mother and her husband from testifying on her behalf. We overrule both assignments, which we treat together.
Defendants in community-control-revocation hearings are entitled to minimum due process, which includes an opportunity to be heard and to present witnesses.[1] Here, the record reveals that, at both her community-control-revocation and her sentencing hearings, Spille, through her attorney, presented mitigation testimony. But at no time did Spille request to make a personal statement, nor did she request that her mother or husband make a statement. There is nothing in the record that indicates that the court prevented or suggested that it would prevent Spille or her witnesses from speaking if they had wanted to do so. Under these circumstances, we overrule Spille's assignments.
We note that Spille has attached two affidavits to her appellate brief that state that she and her family members were denied an opportunity to speak at her hearings. But these affidavits are not properly part of the record on appeal, and we cannot consider them.[2]
Therefore, the judgement of the trial court is affirmed.
Further, a certified copy of this Judgement Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 __________ Doan, P.J.
Painter and Winkler, JJ.
[1] See Crim.R. 32.3; State v. Fitzwater (Dec. 10, 1999), Hamilton App. Nos. C-981005 and C-981006, unreported; State v.Miller (1975), 42 Ohio St.2d 102, 104, 326 N.E.2d 259, 261
(quoting Morrissey v. Brewer [1972], 408 U.S. 471, 489,92 S.Ct. 2593, 2604).
[2] See App.R. 9(A).