JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Alonzo White appeals from the trial court's orders revoking his community-control sanctions and imposing prison terms upon the court's finding that White had violated the conditions of community control. For the following reasons, we affirm the judgment of the trial court.
The trial court had originally placed White on community control in April 2003 following his guilty pleas to receiving stolen property and to having a weapon while under a disability. In November 2003, the court found that White had violated the conditions of community control, but allowed him to remain on community control. Then in November 2004, White's probation officer cited him again for violating community control based upon White's convictions for several misdemeanors.
At the revocation hearing, White's probation officer did not testify. A supervisor from the probation department testified regarding White's new convictions. White did not deny that he had the new convictions, thereby violating the terms of his community control. White instead challenged the fact that his probation officer had not cited him for the violations until he was later indicted for felony offenses.
In a single assignment of error, White now argues that the trial court violated his due-process rights by not allowing him to confront and cross-examine the probation officer who had filed the violation charges against him. We disagree.
We recognize that while the rules of evidence do not apply to community-control revocation hearings,[1] certain minimum due-process requirements, including a qualified right to cross-examine adverse witnesses, still apply.[2] In this case, White's violations were not based upon his probation officer's personal knowledge. White's violations were based upon his newly acquired convictions, which were matters of record.
In hearings where the rules of evidence do not strictly apply, a trial court is free to consider reliable hearsay evidence, which may include "letters, affidavits, and other material that would not be admissible in an adversary criminal trial,"[3] or court documents such as presentence-investigation reports.[4] Because the evidence of White's misdemeanor convictions was reliable hearsay, and because White did not deny the convictions, the trial court did not err by admitting the probation supervisor's testimony. Because there was substantial evidence from which the trial court could have concluded that White had violated the terms of his community-control sanctions, we hold that the trial court's decision was not an abuse of discretion. Accordingly, we overrule White's assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Hendon, JJ.
[1] See Evid.R. 101(C).
[2] See State v. Miller (1975), 42 Ohio St.2d 102, 326 N.E.2d 259; see, also, Morrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593.
[3] Miller, supra, at 106, 326 N.E.2d 259, citing Morrissey, supra, at 489, 92 S.Ct. 2593.
[4] See State v. Cook, 83 Ohio St.3d 404, 425, 1998-Ohio-291,700 N.E.2d 570 (sexual-predator-classification hearings).