OPINION *Page 2 
{¶ 1} Defendant-appellant Eric Pettry appeals the judgment of the Licking County Court of Common Pleas which found he violated the terms and conditions of his community control sanction and, as a result of that violation, imposed 16 months imprisonment. The State of Ohio is plaintiff-appellee.
 {¶ 2} At issue in this case is whether the use of hearsay evidence at Appellant's violation hearing denied him due process of law. For the reasons that follow, we find Appellant was denied due process under the facts of this case.
 STATEMENT OF THE CASE AND FACTS {¶ 3} Appellant pled guilty to the charge of burglary on October 21, 2004. Appellant was sentenced to community control sanctions beginning December 12, 2004.
 {¶ 4} On May 26, 2006, Appellee filed a motion to revoke Appellant's community control status. After a probable cause hearing, the matter proceeded to the second stage violation hearing on June 26, 2006. After hearing, the trial court found Appellant violated his community control sanction for only one of the claimed violations; i.e., Appellant had committed a criminal trespass.
 {¶ 5} Ms. Susie Eisel was the probation officer assigned to supervise Appellant. Ms. Eisel received information Appellant had trespassed on private property. Ms. Eisel based her request for revocation upon her conversation with Mr. Shakey Harris, apparently a governmental fire inspector. Mr. Harris did not testify at the hearing. Ms. Eisel did testify, but merely relayed the information provided to her by Mr. Harris who apparently conducted the investigation giving rise to the alleged violation. *Page 3 
 {¶ 6} Following the hearing, the trial court found Appellant violated his community control sanction by committing a trespass and imposed a 16 month prison term. It is from that decision, Appellant prosecutes this appeal assigning as error:
 {¶ 7} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ALLOWING THE INTRODUCTION, OVER THE OBJECTIONS OF THE ACCUSED, OF HEARSAY EVIDENCE DURING THE HEARING ON THE DEFENDANT-APPELLANT'S ALLEGED VIOLATION OF COMMUNITY CONTROL.
 {¶ 8} "II. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL THROUGH THE FAILURE TO RAISE OBJECTIONS AND NATURE OF OBJECTIONS RAISED DURING THE PROCEEDINGS BELOW."
 I {¶ 9} Despite the specific error asserted in his assignment, Appellant nevertheless concedes "[I]t is accepted that the Ohio Rules of Evidence do not have a direct application to the hearing related to the revocation of a criminal defendant's community control status. Evid. R. 101(C)(3) (citation omitted)."[1] Despite such concession, Appellant nevertheless argues he was denied the right to confront his accusers and the due process of law guaranteed to him by the Ohio and United States Constitutions.
 {¶ 10} In Gagnon v. Scarpelli (1973), 411 U.S. 778, 93 S .Ct. 1756,36 L.Ed.2d 656, the United States Supreme Court held the following minimum due process requirements apply in a probation revocation proceeding: (a) written notice of the *Page 4 
claimed violations of probation, (b) disclosure to the probationer of the evidence against him, (c) an opportunity to be heard in person and to present witnesses and documentary evidence, (d) the right to confront and cross-examine adverse witnesses, (e) a neutral and detached hearing body, and (f) a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation. Id., at 786.
 {¶ 11} In State v. Miller (1975), 42 Ohio St.2d 102, the Ohio Supreme Court considered whether the probationer's right to confront adverse witnesses against him was denied when the trial court permitted a probation officer who did not prepare the entries in the probation department record to testify about the contents of that record. The court held as follows:
 {¶ 12} "Where at a probation revocation hearing the trial court permits a probation officer who did not prepare the entries in the probation department record to testify as to the contents of that record and the probation officer who prepared the entries does not appear, there is a denial of the probationer's right to confront the witnesses against him, and, where the record does not show that the probation officer who prepared the entries was unavailable or that a specific finding was made of good cause for not allowing confrontation, there is a denial of the minimum requirements of due process of law required for probation revocation proceedings." Syllabus.
 {¶ 13} Although Appellant concedes the Rules of Evidence do not necessarily apply to the revocation hearing at issue, Appellant argues at a minimum due process requires Appellant be afforded the right to confront and cross-examine witnesses; specifically, Mr. Harris. *Page 5 
 {¶ 14} The State rebuts Appellant's argument citing this Court's opinion in State v. Gullett (November 13, 2006) Muskingum App. No. CT2006-0010 asserting the direct testimony of the probation officer who prepared the statement of probation violation meets the minimal requirements of due process. However, Gullett is distinguishable from the case sub judice as Ms. Eisel did not have direct contact with the witnesses concerning the incident leading to Appellant's probation revocation. Rather, her knowledge of the incident stemmed merely from Mr. Harris' out of court statements relating the results of his investigation of the incident to her. Cross-examination of Ms. Eisel is not a substitute for the ability to cross-examine Mr. Harris. Accordingly, we find, analogous to the Miller Court's holding, Appellant was denied the minimum requirements of due process as he was not afforded an opportunity to cross-examine the witness with direct knowledge of the incident.
 {¶ 15} Appellant's first assignment of error is overruled.
 II. {¶ 16} Based upon our analysis and disposition of Appellant's first assignment of error, we find Appellant's second assignment of error moot. *Page 6 
 {¶ 17} The judgment of the Licking County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.
Hoffman, J. and Delaney, J. concur, Gwin, P.J. dissents.
[1] Appellant's brief at p. 8. *Page 7