OPINION *Page 2 
{¶ 1} Defendant-Appellant, Lydia Bronston[1], appeals from the revocation of his community control sanctions which were imposed following his conviction for two counts of Tampering with Records, in violation of R.C. 2913.42(A)(1), one count of Taking the Identity of Another, in violation of R.C. 2913.49(B), one count of Forgery, in violation of R.C. 2913.31(A)(1), one count of Forgery, in violation of R.C. 2913.31(A)(3) and one count of Possessing Criminal Tools, in violation of R.C. 2923.24(A).
 {¶ 2} Following Appellant's plea of guilty to these counts, he was sentenced on March 11, 2002 to a five-year term of community control. On September 11, 2002, Appellant's probation officer filed a motion to revoke or modify Appellant's community control. The trial court agreed to continue Appellant on community control. A second motion to revoke or modify the community control was filed on May 18, 2006. The motion alleged various violations of community control including using another's personal information to apply for credit cards, using a name other than Appellant's legal name to obtain United States Treasury Checks, being indicted in Summit County for Identity Fraud and Forgery, failing to report contact with police to the probation officer, failing to report the new charges to the probation officer, and having credit cards and a credit card application under Appellant's control.
 {¶ 3} At the initial hearing on the second motion to modify or revoke Appellant's community control, Appellant stipulated to probable cause, and the motion was set for an evidentiary hearing. Appellant stipulated to the community control violation, and the Court imposed a sentence which totaled four years of incarceration. *Page 3 
 {¶ 4} This Court permitted Appellant to pursue a delayed appeal.
 {¶ 5} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to Anders v. California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth proposed Assignments of Error. Appellant also filed a pro se brief alleging he did not violate his community control.
 I. {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE APPELLANT TO FOUR YEARS IN PRISON.
 II. {¶ 7} "THE APPELLANT DID NOT UNDERSTAND WHAT SHE(SIC) WAS STIPULATING TO AND THUS DID NOT MAKE A KNOWING AND INTELLIGENT STIPULATAION.
 III. {¶ 8} "THE COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR JUDICIAL RELEASE.
 IV. Pro Se Assignment of Error: {¶ 9} "THE TRIAL COURT ERRED IN REVOKING COMMUNITY CONTROL."
 {¶ 10} In Anders, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that *Page 4 
could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 11} Counsel in this matter has followed the procedure in Anders v.California (1967), 386 U.S. 738, we find the appeal to be wholly frivolous and grant counsel's motion to withdraw.
 I. {¶ 12} In his first potential Assignment of Error, Appellant argues the trial court abused its discretion in imposing a four-year prison sentence upon Appellant.
 {¶ 13} The trial court has discretion to impose a sentence within the range provided by statute. As we explained in Sidwell, "In State v.Foster (2006), 109 Ohio St.3d 1, the Ohio Supreme Court held trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151." State v. Sidwell, 2008 WL 324112, *1 (Ohio App. 5 Dist.). *Page 5 
 {¶ 14} The Tampering with Records counts are felonies of the third degree, punishable by one, two, three, four, or five years in prison. R.C. 2929.14(A)(3). Taking the Identity of Another is a felony of the fourth degree punishable by up to eighteen months in prison. R.C.2929.14(A)(4). The remaining two counts were felonies of the fifth degree punishable by up to one year in prison. R.C. 2929.14(A)(5). The trial court sentenced Appellant to four years on each felony two count and one year on each of the other counts. All sentences were ordered served concurrent to one another for a total sentence of four years in prison.
 {¶ 15} Because the trial court selected a sentence which was within the statutory range, we cannot say the trial court abused its discretion. Appellant violated his community control two times with the second violation resulting from new felony charges in Summit County. Having considered these factors, the trial court did not abuse its discretion in imposing a four-year sentence upon Appellant.
 {¶ 16} Appellant's first proposed Assignment of Error is overruled.
 II. {¶ 17} In his second potential Assignment of Error, Appellant argues he did not make a knowing and intelligent stipulation to the probation violation. When Appellant was initially granted community control in 2002, the trial court indicated it was reserving a term of five years of incarceration should Appellant violate the terms of community control. The trial court stated, "On count 1, I'm going to reserve a period of five years incarceration as I will on Count 2. On Counts 3, 4, 5, and 6, I'll reserve 12 months on each. I'll run Counts 1 through 6 concurrently with each other for a total reservation of 5 years in prison." *Page 6 
 {¶ 18} At the hearing on Appellant's second motion to revoke his community control, the trial court had the following exchange with Appellant and her attorney:
 {¶ 19} THE COURT: I indicated [at the probable cause hearing] that I would impose four of the five years that I have reserved. And I gave you until today to decide if you wish to take that, Ms. Bible.
 {¶ 20} MS. BIBLE: Your Honor, I have talked with my client and she has thought this over. She has decided to stipulate to a violation of probation.
 {¶ 21} THE COURT: Lydia Bronston, you are entitled to have a hearing today in which the State must show by a preponderance of the evidence that you violated your community control sanctions * * * As a result [of the violations], I'm going to impose four out of the five years of prison that I reserved for you. And I will give you credit for time served under this particular case number. Do you understand what it means when you agree or stipulate to something?
 {¶ 22} THE DEFENDANT: Yes.
 {¶ 23} THE COURT: It means that I'm going to accept as true these violations. Do you understand that?
 {¶ 24} THE DEFENDANT: Yes.
 {¶ 25} THE COURT: There will be no hearing. Do you understand that?
 {¶ 26} THE DEFENDANT: Yes.
 {¶ 27} THE COURT: As a consequence of that, you are going to go to prison for four years. Do you understand that?
 {¶ 28} THE DEFENDANT: Yes.
 {¶ 29} THE COURT: Have you had a chance to talk to Ms. Bible? *Page 7 
 {¶ 30} THE DEFENDANT: Yes.
 {¶ 31} THE COURT: Do you understand the advice she gave you?
 {¶ 32} THE DEFENDANT: Yes.
 {¶ 33} In State v. Armstrong, 56 Ohio App.3d 105, 564 N.E.2d 1070, (Ohio App.,1988), the defendant suggested his admission to the probation violation was not valid. The Court held, "Because the revocation of probation entails a serious loss of liberty, a probationer must be accorded due process at the revocation hearing. Gagnon v. Scarpelli
(1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656; State v.Miller (1975), 42 Ohio St.2d 102, 71 O.O.2d 74, 326 N.E.2d 259. The due process requirements include notice, an opportunity to present evidence and to confront and cross-examine witnesses, and a hearing before a neutral and detached arbiter. Gagnon, supra, 411 U.S. at 786,93 S.Ct. at 1761.
 {¶ 34} As a general matter, we agree that an unknowing waiver of these due process rights is invalid." Id. at 107. Nonetheless, the Court inArmstrong found the defendant's admission to the violation to be voluntary based upon an exchange very similar to the one in the case at bar.
 {¶ 35} Based upon the trial court's dialogue with Appellant in this case, it is clear the trial court explained in detail what was going to happen and what the Appellant's stipulation was going to mean. Further, Appellant's counsel and Appellant both indicated to the trial court they had discussed Appellant's decision to stipulate to the violation. There is no evidence Appellant did not make a knowing and voluntary stipulation to the probation violation. *Page 8 
 III. {¶ 36} In Appellant's Motion for Delayed Appeal, he did not request to appeal any denial of his request for judicial release, therefore, this is not a matter which is properly before this Court.
 {¶ 37} Even if we were to address the merits, it is well-established that the denial of a motion for judicial release is not a final appealable order. State v. Masko, Trumbull App. No. 2004-T-0070,2004-Ohio-5297, ¶ 2, citing State v. Singh (2001), 146 Ohio App.3d 38. We, therefore, lack jurisdiction to address this issue.
 IV. {¶ 38} Finally, in his pro se brief, Appellant suggests the trial court erred in revoking his community control.
 {¶ 39} "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." State v.Ohly, 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, at paragraph 19, quoting State v. Bell (1990), 66 Ohio App.3d 52, 57, 583 N.E.2d 414. "Because a community control revocation hearing is not a criminal trial, the State does not have to establish a violation with proof beyond a reasonable doubt." Wolfson, Lawrence App. No. 03CA25, 2004-Ohio-2750, at paragraph 7; see, also, State v. Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916; State v. Hylton (1991), 75 Ohio App.3d 778, 782,600 N.E.2d 821. Instead, the State need only present "substantial" proof that a defendant willfully violated the community control conditions. See Hylton, 75 Ohio App.3d at 782. *Page 9 
 {¶ 40} Appellant admitted he violated the terms of his community control. The trial court previously continued Appellant on community control following violations during the first year of his community control. Appellant's second set of violations which included failing to disclose contact with police and being convicted of new charges involving similar offenses for which he was on community control are certainly serious and sufficient to support the revocation of Appellant's community control.
 {¶ 41} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the Stark County Court of Common Pleas.
 Delaney, J. Wise, P. J. and Edwards, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, General Division, is affirmed.
Attorney Herbert J. Morello's motion to withdraw as counsel for Appellant is hereby granted.
COSTS TAXED TO APPELLANT.
[1] The record contains several names referring to Appellant including Lydia Gwendolyn Bronston, Allysa Alyshia Fairchild, Taelicia Gwendolyn Gianelli, and Donald Jackson. The information contained in the record indicates Appellant is male although Appellant appears to primarily use female names. *Page 1