[Cite as *State v. Tooley*, 2011-Ohio-2449.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

STATE OF OHIO

    Appellee

v.

WENDY A. TOOLEY

    Appellant

C.A. Nos. 09CA0098-M
09CA0099-M
09CA0100-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE Nos. 09-CR-0005
09-CR-0152
09-CA-0191

DECISION AND JOURNAL ENTRY

Dated: May 23, 2011

Per Curiam.

INTRODUCTION

{¶1} Wendy Tooley pleaded no contest in three cases to charges of burglary, theft, and forgery. The trial court found her guilty of the offenses and sentenced her to five years of community control, including electronic monitoring for 180 days. It told her that, if she violated community control, it would sentence her to six years in prison on some of the offenses, two-and-a-half years on others, and one year on the remainder. A few months later, the company who was electronically monitoring Ms. Tooley told her probation officer that she had violated the terms of her house arrest. Following a hearing, the trial court found that Ms. Tooley had violated her community control conditions and sentenced her to three years in prison for burglary and one year on each of the other charges. It ordered the sentences to run concurrently. Ms.

Tooley has appealed, arguing that the trial court incorrectly found that she violated community control and that it failed to sentence her on each of her offenses. We affirm the trial court's finding that Ms. Tooley violated community control. We vacate Ms. Tooley's sentences for theft and remand for another sentencing hearing because the trial court did not tell Ms. Tooley what her sentence would be for each of the theft offenses at her sentencing hearing.

## MANIFEST WEIGHT

**{¶2}** Ms. Tooley's first assignment of error is that the trial court incorrectly found that she violated the terms of her community control. In recent cases, this Court has written that there are "competing views as to whether the State's burden of proof in instances of community-control violations is 'substantial evidence' or 'preponderance of the evidence.'" *State v. Ricks*, 9th Dist. No. 09CA0094-M, 2010-Ohio-4659, at ¶9 (quoting *State v. Walton*, 9th Dist. No. 09CA009588, 2009-Ohio-6703, at ¶14-16). Assuming, without deciding, that those are the only two burdens of proof that could apply, we conclude that we do not need to determine the correct standard at this time because the parties have not raised the issue and because the State presented sufficient evidence under either standard to prove that Ms. Tooley violated her community control conditions.

**{¶3}** Ms. Tooley's probation officer testified that, under the terms of Ms. Tooley's house arrest, she could only leave her parents' house with prior approval. The officer testified that, on October 26, 2009, Ms. Tooley asked if she could go to a grocery store for one hour. He approved the trip, but later learned from the company who provided Ms. Tooley's monitoring equipment that, after leaving the grocery store, Ms. Tooley went to a nearby drug store. He also testified that he learned from the monitoring company that, after Ms. Tooley returned home, she

went to a park that is down the street from her house for about 20 minutes. The officer testified that Ms. Tooley did not have permission to go to the park.

{¶4}     Ms. Tooley testified that the probation officer misunderstood her request to leave her home. According to her, she asked the officer if she could "go to the grocery store and pick up a prescription." While the probation officer construed her request as asking that she be allowed to go to the grocery store to pick up her prescription, she actually meant that she needed to make two stops: one at the grocery store and one at the drug store. Ms. Tooley also testified that she did not leave her parents' house after returning home. Her explanation for why the monitoring device indicated that she was at the park was that it must have malfunctioned because she did not return it to its charging base after she got home. Ms. Tooley's parents also testified that Ms. Tooley did not leave their house after returning home from her errands.

{¶5}     An employee of the monitoring company testified that Ms. Tooley wears an ankle monitor that must stay within 30 feet of a handheld unit. He explained that, when Ms. Tooley is home, the handheld unit can remain in its charging base. If Ms. Tooley leaves her house, however, she must take the handheld unit with her or their system will generate an out of range violation notice once she gets more than 30 feet away from it. The employee also explained that the handheld unit reports its location to his company via satellite every twenty seconds. If the handheld unit is somewhere Ms. Tooley is not authorized to be, their system will generate a violation notice, even if Ms. Tooley is within 30 feet of it. The employee testified that the violation notices that Ms. Tooley received regarding October 26, 2009, were generated because the handheld unit reported that Ms. Tooley was somewhere she was not authorized to be, not because she had gone out of range. He also testified that the handheld unit did not malfunction. According to the employee, the handheld unit would not have reported that Ms. Tooley was

down the street at a park if it was in her house, even if it had not been returned to its charging base.

{¶6} The trial court determined that Ms. Tooley violated her community control conditions, finding the testimony of the probation officer and the monitoring company employee more credible than the testimony of Ms. Tooley and her parents. The court noted that Ms. Tooley admitted going to an additional store without making her intentions clear to her probation officer. The court also noted that it did not make sense that the ankle monitor and handheld unit would work fine while Ms. Tooley was out at the store, but suddenly malfunction when she returned home. We have reviewed the record and conclude that the trial court's determination is supported by the record. Ms. Tooley's first assignment of error is overruled.

SENTENCING HEARING

{¶7} Ms. Tooley's second assignment of error is that the trial court incorrectly failed to impose a sentence for each of her offenses at the sentencing hearing following her community control violation. According to Ms. Tooley, although she was convicted of three theft offenses, the trial court only told her what her sentence would be for two of the offenses during the hearing. The State has argued that the oversight was harmless because the trial court properly sentenced Ms. Tooley for each theft offense in its judgment entries.

{¶8} Ms. Tooley has argued that, because the trial court did not tell her what her sentence would be for each of the theft offenses, one of the court's judgment entries is not appealable. As the State has noted, however, "[a] court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." *Schenley v. Kauth*, 160 Ohio St. 109, paragraph one of the syllabus (1953). In its judgment entries, the trial court

imposed a sentence for each of Ms. Tooley's theft offenses. Accordingly, Ms. Tooley's argument is without merit.

{¶9} Ms. Tooley has also argued that she is entitled to a new sentencing hearing. We note that, although Ms. Tooley was convicted of three theft offenses, the trial court only told her at her sentencing hearing that she would receive "[o]n the theft offense, one year. On the other theft offense, one year."

{¶10} When a trial court imposes community control, it must "notify the offender that, if the conditions of the sanction are violated, . . . the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender . . . ." R.C. 2929.19(B)(5); see *State v. Brooks*, 103 Ohio St. 3d 134, 2004-Ohio-4746, at ¶15. "Following a community control violation, the trial court conducts a second sentencing hearing." *State v. Fraley*, 105 Ohio St. 3d 13, 2004-Ohio-7110, at ¶17. "At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." *Id.*

{¶11} If a court "determines at the sentencing hearing that a prison term is necessary or required, the court shall . . . [i]mpose a stated prison term." R.C. 2929.19(B)(3)(a); see *State v. Jordan*, 104 Ohio St. 3d 21, 2004-Ohio-6085, at ¶17 (noting that Section 2929.19(B)(3) "expressly prescribes what a trial court must do 'at the sentencing hearing' after it has decided to impose a prison term."). It is not disputed that, at the sentencing hearing, the trial court failed to specifically impose a prison term for each of Ms. Tooley's three theft offenses.

{¶12} The State has argued that the trial court's omission was harmless because it ordered Ms. Tooley's sentences to run concurrently. The Ohio Supreme Court has held, however, that "a judge sentencing a defendant pursuant to Ohio law must consider each offense

individually and impose a separate sentence for each offense." *State v. Saxon*, 109 Ohio St. 3d 176, 2006-Ohio-1245, at ¶9. "Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively." *Id.*

{¶13} We conclude that the trial court incorrectly failed to impose a stated prison term for each of Ms. Tooley's theft offenses at her sentencing hearing. See R.C. 2929.19(B)(3)(a). Because it is impossible to determine which of Ms. Tooley's theft offenses was the one for which the trial court failed to impose a prison term, we vacate her sentences for each theft offense and remand for resentencing. Ms. Tooley's second assignment of error is sustained.

CONCLUSION

{¶14} The trial court's finding that Ms. Tooley violated her community control conditions is supported by sufficient evidence, but the court incorrectly failed to impose a prison term for each of her theft offenses at her sentencing hearing. The judgments of the Medina County Common Pleas Court are affirmed in part, and these matters are remanded for a new sentencing hearing on the theft offenses.

Judgments affirmed in part,
and causes remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to both parties equally.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
BELFANCE, J.
CONCUR

DICKINSON, P. J.
CONCURS, SAYING:

**{¶15}** I write separately to address the issue avoided by the lead opinion regarding the standard of review that applies to Ms. Tooley's argument that the State did not present sufficient evidence to prove that she violated community control. As it has noted, there are "competing views as to whether the State's burden of proof in instances of community-control violations is 'substantial evidence' or 'preponderance of the evidence.'" *State v. Ricks*, 9th Dist. No. 09CA0094-M, 2010-Ohio-4659, at ¶9 (quoting *State v. Walton*, 9th Dist. No. 09CA009588, 2009-Ohio-6703, at ¶14-16).

**{¶16}** Although substantial evidence and preponderance of the evidence are related terms, they are different legal concepts. In the typical case, one side has the burden of proof, otherwise known as the burden of persuasion. *State v. Robinson*, 47 Ohio St. 2d 103, 107 (1976). "This refers to the risk which is borne by a party if the jury finds that the evidence is in

equilibrium. The party with the burden of persuasion will lose if he fails to persuade the trier of fact that the alleged fact is true by such quantum of evidence as the law demands." *Id*. When courts use terms such as "preponderance of the evidence," "clear and convincing evidence," and "beyond a reasonable doubt," they are referring to the quantum of evidence that the party with the burden of persuasion must establish in a case in order to be entitled to judgment in his favor on an issue. See *VFW Post 8586 v, Ohio Liquor Control Comm'n*, 83 Ohio St. 3d 79, 81 (1998); *State v. Robinson*, 47 Ohio St. 2d 103, 107 (1976).

{¶17} The term "substantial evidence" does not, itself, refer to a particular quantum of evidence. Rather, it refers to whether the evidence presented by the prosecuting party in a case is, if believed, sufficient to satisfy the quantum of evidence required. That is, whether it would meet the party's burden of proof. *Univ. of Cincinnati v. Conrad*, 63 Ohio St. 2d 108, 111 (1980) (noting that whether a decision "is supported by reliable, probative and substantial evidence essentially is a question of the absence or presence of the requisite quantum of evidence."). Accordingly, whether evidence is "substantial" varies from case to case depending on the quantum of evidence required. Evidence that is substantial enough to hold a defendant liable in a civil case may not be substantial enough to convict that same defendant of a criminal offense.

{¶18} Because whether evidence is substantial depends on the weight of that evidence relative to the quantum of evidence required by law, it does not make sense to refer to the State's burden of proof as "substantial evidence." The case this Court has cited for the notion that the burden of proof in a community control revocation case is substantial evidence is *State v. Mingua*, 42 Ohio App. 2d 35 (1974). *State v. Walton*, 9th Dist. No. 09CA009588, 2009-Ohio-6703, at ¶15 (citing *In re A.B.*, 9th Dist. Nos. 04CA0017, 04CA0018, 2004-Ohio-4724, at ¶10). In *Mingua*, the Tenth District wrote that, "[a]lthough the quantum of evidence required to

support a revocation of a probation or parole may not be 'beyond a reasonable doubt,' as in criminal trials, yet, as stated variously in a number of cases, there needs to be evidence of a 'substantial' nature in order to find that revocation is justified in a given instance." *Mingua*, 42 Ohio App. 2d at 40. While purporting to rely on "a number of cases," it did not provide a citation to any other cases in support of its assertion, and I have been unable to locate any Ohio cases that preceded *Mingua* that refer to the burden of proof in probation revocation cases as "substantial" evidence. It is possible that the Tenth District was referring to decisions from other states, but it did not make that clear in its opinion.

{¶19} Our cases citing preponderance of the evidence as the State's burden of proof also rest on a questionable foundation. They rely on *State v. Carpenter*, 9th Dist. No. 2168, 1986 WL 14468 at *2 (Dec. 17, 1986), which, in turn, relied on a footnote from the Ohio Supreme Court's decision in *State v. Delaney*, 11 Ohio St. 3d 231, 234 n.3 (1984). See *State v. Rose*, 9th Dist. 21750, 2004-Ohio-1614, at ¶7 (citing *State v. Newman*, 9th Dist. No 14984, 1991 WL 131674 at *1 (July 10, 1991)). In *Delaney*, the Ohio Supreme Court considered whether the trial court violated Mr. Delaney's due process rights when it failed to explain its reasons for revoking his probation in writing. In a footnote, the Supreme Court recounted what the trial court had told Mr. Delaney, including that "I'm satisfied in my mind that the prosecution here has established by a preponderance of the evidence that Mr. Delaney is guilty of this probation violation." *Delaney*, 11 Ohio St. 3d at 234 n.3. Although the State's burden of proof was not at issue in *Delaney*, in *Carpenter*, this Court extrapolated from the fact that the Supreme Court had not disapproved of what the trial court told Mr. Delaney as implicitly approving preponderance of the evidence as the correct burden of proof. *Carpenter*, 1986 WL 14468 at *2. In *Delaney*, the Supreme Court did conclude that "substantial evidence supports the judgment of the trial court,"

but it did not specifically address the State's burden of proof or an appellate court's standard of review. *Delaney*, 11 Ohio St. 3d at 236.

{¶20} The Ohio Supreme Court has issued only a few opinions touching on the standard of review to be applied in probation revocation cases. In *State v. Theisen*, 167 Ohio St. 119 (1957), it discussed the rights of a defendant on probation. Noting that "[h]e has been allowed to remain in society by virtue of the discretion of a trial judge" it determined that, "[w]hether he is permitted to continue to remain thus at liberty must rest largely in the discretion of the judge[.]" *Id*. at 124. "The right of review in accordance with the familiar principles governing the exercise of judicial discretion should be sufficient to ensure a genuine exercise of discretion rather than an indulgence in whimsy."

{¶21} In *State v. Miller*, 42 Ohio St. 2d 102 (1975), the Ohio Supreme Court recognized that probationers have certain due process rights. *Id*. at 104. It held that the minimum due process requirements for revocation of probation include: written notice of the alleged violation, disclosure of the evidence against the probationer, the opportunity to be heard and to present evidence, the right to confront and cross-examine witnesses, a neutral and detached trier of fact, and a written statement as to the reasons for the revocation. *Id*. (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). In *Morrissey*, the United States Supreme Court also wrote that, at a revocation hearing, the defendant "must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Morrissey*, 408 U.S. at 488; see *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (applying *Morrissey* protections to probation revocation hearings).

{¶22} In *Zanders v. Anderson*, 74 Ohio St. 3d 269 (1996), the trial court revoked Mr. Zanders' probation after he was convicted of involuntary manslaughter and failure to drive

within marked lanes. Later, Mr. Zanders' convictions for involuntary manslaughter were overturned. He subsequently moved to vacate the revocation of his probation, but the trial court denied his request because the marked-lanes violations remained. He then sought a writ of habeas corpus. The Ohio Supreme Court determined that "a reversed criminal conviction may serve as the basis for probation revocation" unless the probationer can demonstrate that the "reversal remove[d] all factual support for the probation revocation." *Id*. at 272.

**{¶23}** Looking beyond Ohio case law, some courts have held that "[a]ll that is required [to revoke probation] is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation." *United States v. Francischine*, 512 F.2d 827, 829 (5th Cir. 1975); see also, e.g., *United States v. Poellnitz*, 372 F.3d 562, 566 (3d Cir. 2004); *United States v. Goad*, 44 F.3d 580, 585 (7th Cir. 1995); *Jenkins v. State*, 8 A.3d 1147, 1153 (Del. 2010); *City of Aberdeen v. Regan*, 239 P.3d 1102, 1104 (Wash. 2010); *State v. Christodal*, 946 A.2d 811, 816 (R.I. 2008). Others require a preponderance of the evidence. See *State v. Benjamin*, 9 A.3d 338, 345 (Conn. 2010); *Runyon v. State*, 939 N.E.2d 613, 616 (Ind. 2010); *State v. Amidon*, 8 A.3d 1050, 1052 (Vt. 2010); *Commonwealth v. Holmgren*, 656 N.E.2d 577, 578 (Mass. 1995). Some courts have reconciled the difference between those two standards by defining "the reasonable satisfaction standard [as] the preponderance of the evidence standard." *Wink v. State*, 563 A.2d 414, 415 (Md. 1989); see also *Carlson v. State*, 634 S.E.2d 410, 414 (Ga. 2006); *State v. Pedersen*, 80 P.3d 79, 81-82 (Mont. 2003).

**{¶24}** Although the State does not have to prove a community control violation beyond a reasonable doubt, a probationer is entitled to certain due process protections. *State v. Bender*, 2d Dist. No. 2004 CA 11, 2005-Ohio-919, at ¶17; see *State v. Miller*, 42 Ohio St. 2d 102, 104

(1975). Upon reflection, I believe that the State's burden of proof at a community control revocation hearing should be preponderance of the evidence and that appellate courts should uphold the trial court's decision so long as there is some competent, credible evidence in the record to support it. See *State v. Garrett*, 5th Dist. No. 2010 CA 00210, 2011-Ohio-691, at ¶15; *State v. Semenchuk*, 4th Dist. No. 10CA3140, 2010-Ohio-4864, at ¶14; *State v. Hayes*, 6th Dist. No. WD-00-075, 2001 WL 909291 at *2 (Aug. 10, 2001); *Collins v. State*, 897 A.2d 159, 160 (Del. 2006) (quoting *Brown v. State*, 249 A.2d 269, 272 (Del. 1968)). Because the State presented some competent, credible evidence to support the trial court's finding that Ms. Tooley violated community control, I concur.


APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL P. MCNAMARA, Assistant Prosecuting Attorney, for Appellee.