[Cite as *State v. Lansing*, 2010-Ohio-6352.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

STATE OF OHIO,                           :

    Plaintiff-Appellee,              :       Case No.   09CA27

    vs.                              :

JEREMY D. LANSING,                       :       DECISION AND JUDGMENT ENTRY


    Defendant-Appellant.             :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    Michael P. Kelly, 108 South High Street, Mt. Orab,
                                Ohio, 45154

COUNSEL FOR APPELLEE:     James B. Grandey, Highland County Prosecuting
                                Attorney, and Anneka P. Collins, Highland County
                                Assistant Prosecuting Attorney, 112 Governor
                                Foraker Place, Hillsboro, Ohio 45133

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-13-10

ABELE, J.

{¶ 1}   This is an appeal from two Highland County Common Pleas Court

judgments of conviction and sentence.   A jury found Jeremy D. Lansing, defendant

below and appellant herein, guilty of (1) vehicular assault in violation of R.C.

2903.08(A)(2)(b); and (2) aggravated vehicular homicide in violation of R.C.

2903.06(A)(2) (a).   Appellant assigns the following errors for review[1]:

---

[1] Appellant's brief does not contain a separate statement of assignments of
error.   See App.R. 16(A)(3).   Thus, we use his "table of contents" to set forth
assignments of error.

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE MAXIMUM TERMS OF IMPRISONMENT."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN FINDING THAT APPELLANT HAD ACTED RECKLESSLY AND ITS VERDICT WAS AGAINST THE MANIFEST OF THE EVIDENCE."

THIRD ASSIGNMENT OF ERROR:

"THE PROSECUTOR COMMITTED MISCONDUCT WHEN, IN HIS CLOSING ARGUMENTS, HE IMPROPERLY DENIGRATED THE DEFENSE EXPERT AND TOLD THE JURY THE DEFENSE EXPERT WS [sic] NOT BEING TRUTHFUL."

FOURTH ASSIGNMENT OF ERROR:

"APPELLANT WAS DEPRIVED OF A FAIR TRIAL DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶ 2} On the evening of March 24, 2008, appellant, along with two passengers, drove eastbound on Sinking Spring Road when his car left the roadway, went into a ditch and eventually landed in a wheat field some fifty-five feet from the road. Elizabeth Theophilos was killed in the crash. Appellant and Tara Cruea also suffered serious injuries.

{¶ 3} The Highland County Grand Jury returned separate indictments that charged appellant with aggravated vehicular assault and aggravated vehicular homicide. At the jury trial in July 2009, the pivotal issue was appellant's speed at the time of the accident. Trooper Jeremy Grillot, an Ohio Highway Patrol "traffic crash reconstructionist," recounted his investigation of the accident and opined that appellant's vehicle travelled slightly in excess of ninety miles per hour (90 mph) at the

time it left the road.   Appellant's expert, however, opined that appellant drove between

fifty-eight and sixty-four miles per hour (58-64 mph) at the time of the incident.[2]

{¶ 4}   After hearing the evidence, the jury found appellant guilty on both counts.

The trial court sentenced appellant to serve eighteen months in prison for aggravated

vehicular assault, five years for aggravated vehicular homicide and further ordered that

the sentences be served consecutively.   This appeal followed.

I

{¶ 5}   We first consider appellant's second assignment of error wherein he

asserts that the guilty verdicts are against the manifest weight of the evidence.   In

particular, appellant contends that in light of the conflicting testimony adduced at trial

regarding his speed, the prosecution failed to prove that he acted recklessly.

{¶ 6}   Our analysis begins from the well-settled premise that appellate courts

should not reverse a conviction on the grounds that it is against the manifest weight of

the evidence unless it is obvious that the trier of fact lost its way and created a manifest

miscarriage of justice that requires a reversal and a new trial.   See State v. Earle

(1997), 120 Ohio App.3d 457, 473, 698 N.E.2d 440; State v. Garrow (1995), 103 Ohio

App.3d 368, 370-371, 659 N.E.2d 814.   Also, concerning the conflicting testimony that

appellant cites, we point out that the weight and credibility of the evidence are generally

issues that the trier of fact must determine.   See State v. Dye (1998), 82 Ohio St.3d

323, 329, 695 N.E.2d 763; State v. Williams (1995), 73 Ohio St.3d 153, 165, 652

N.E.2d 721.   It is important to recognize that a trier of fact is free to believe all, part or

---

[2] Neither appellant nor Tara Cruea, the survivors of the accident, had any memory of the accident.   Thus, the only evidence of appellant's speed was expert testimony based on the physical evidence at the scene, including yaw marks and the position of the vehicle.

none of the testimony of any witness who appears before it.   State v. Nichols (1993),

85 Ohio App.3d 65, 76, 619 N.E.2d 80; State   v. Caldwell   (1992), 79 Ohio App.3d

667, 679, 607 N.E.2d 1096.

{¶ 7}   "A person acts recklessly when, with heedless indifference to the

consequences, he perversely disregards a known risk that his conduct is likely to cause

a certain result or is likely to be of a certain nature." R.C. 2901.22(C).   Appellant

correctly points out that the expert witnesses offered conflicting testimony concerning

appellant's vehicle's speed at the time of the accident.   Such conflicts in the evidence

do not, however, necessarily warrant a reversal.   Although it is unclear which expert

the jury may have found more credible, we believe that the evidence adduced in this

matter is such that the jury could have found that appellant acted recklessly under

either scenario.   Obviously, Trooper Grillot's expert opinion that appellant   drove in

excess of ninety miles per hour (90 mph) at the time of the accident is damaging.   The

jury may well have found that evidence to be the most credible.   However, even if the

jury accepted appellant's expert's testimony, it could nevertheless have found that

appellant acted recklessly under the circumstances present in this case.   By his own

admission, appellant stated that he typically drove between forty-five and fifty miles per

hour (45-50 mph) on Sinking Spring Road.   At trial, however, appellant's expert

estimated that appellant was driving at least fifty-eight to sixty-four miles per hour

(58-64 mph) that evening.   The evidence further indicates that the accident occurred

after dark and with no lights to illuminate the road.[3]

---

[3] Authority does exist for the proposition that excessive speed alone is insufficient for the trier of fact to conclude that someone has acted "recklessly." See e.g. State v. Skaggs, 185 Ohio App.3d 752, 925 N.E.2d 676, 2010-Ohio-302, at ¶¶43-47. Although this Court has not directly addressed that particular issue, we need not do so

{¶ 8}   Considering all of these factors, we conclude in the case sub judice that ample competent, credible evidence was adduced at trial to establish that appellant acted recklessly and the verdicts are not against the manifest weight of the evidence.

{¶ 9}   Accordingly, based upon the foregoing reasons, we hereby overrule appellant's second assignment of error.

II

{¶ 10} We next proceed to jointly consider appellant's third and fourth assignments of error because they are directed at the following comment made during closing argument:

> "Now that was another thing, and I understand this, I mean, you know the defendants buy experts to give their testimony at trial to try to get themselves off and all this business, that they are not going to play really well with the truth, I'm sorry, with the prosecutor and things like that. * * *"

{¶ 11} Appellant asserts that the assistant prosecutor's statement, that questioned appellant's expert witness's veracity, constitutes reversible prosecutorial misconduct and warrants a reversal of judgment of conviction.   Appellant also correctly notes that trial counsel did not object to the comment and, consequently, waived all but plain error.   Consequently, appellant contends that trial counsel's failure to timely object constitutes constitutionally ineffective assistance of counsel.

{¶ 12} After our review of this matter, we conclude that even if the comment is improper and extends beyond the boundary of legitimate argument, appellant's convictions cannot be reversed unless the comment rises to the level of plain error. See Crim.R. 52(B).

---

here because other factors established that appellant's driving was reckless (i.e., the nature of this particular roadway and the absence of any lights to illuminate Sinking Spring Road).

{¶ 13} Generally, notice of Crim.R. 52(B) plain error must be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.  State v. Rohrbaugh, ___ Ohio St.3d ___, ___ N.E.2d ____, 2010-Ohio- 3286, at ¶6; State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, at paragraph three of the syllabus.  To find plain error, a court must be able to state that but for the error, the outcome of the trial clearly would have been otherwise.  State v. McCausland, 124 Ohio St.3d 8, 918 N.E.2d 507, 2009-Ohio-5933, at ¶15; State v. Braden, 98 Ohio St.3d 354, 785 N.E.2d 439, 2003- Ohio-1325, at ¶50; State v. Sanders (2001), 92 Ohio St.3d 245, 263, 750 N.E.2d 90.

{¶ 14} Again, after our review in the case sub judice, we do not believe that the trial's outcome would have been otherwise but for the assistant prosecutor's closing argument comment.  First, as we noted above, we believe that the jury could have concluded that appellant acted recklessly even if it accepted the testimony of his own expert witness.  Second, the credibility of Trooper Grillot's estimate of appellant's speed was bolstered by (1) a picture that appellant took with his cell phone just a few hours before the accident that showed his vehicle's speedometer at eighty miles per hour (80 mph), and (2) the testimony Brittany Humphrey indicating that she observed appellant several hours before the crash and he told her "he was going to go race" that evening.  Thus, in light of this evidence, we are not persuaded the assistant prosecutor's comments rise to the level of plain error.

{¶ 15} Similarly, if we assume that the comments were, in fact, improper and objectionable, we are not persuaded that trial counsel's failure to object during closing argument amounted to constitutionally ineffective assistance of counsel.  Once again, to obtain a reversal on this ground the appellant must demonstrate that but for the

improper comment the outcome of trial would have clearly been otherwise.   See In re S.C., M.C. & D.C., Pike App. Nos. 09CA798 & 09CA799, 2010-Ohio-3394, at ¶49; State v. Russell, Athens App. No. 08CA29, 2009-Ohio-5145, at ¶28.   As we point out above, however, we are not persuaded that this is the case.

{¶ 16} Accordingly, based upon the foregoing reasons we hereby overrule appellant's third and fourth assignments of error.

III

{¶ 17} We now turn to appellant's first assignment of error.   Appellant asserts that the trial court erred by ordering that his two sentences be served consecutively to one another.   We disagree with appellant.

{¶ 18} As appellant correctly points out in his brief, we engage in a two-step process when we review felony sentence.   See e.g. State v. Kalish, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912, at ¶4.   The first step requires us to ascertain if the trial court complied with all applicable statues and rules. Id.   If it did, the next step is to determine whether the court's imposition of those sentences abuse its discretion. Id.

{¶ 19} In the case sub judice, appellant does not challenge the consecutive sentences as violative of any statute.   Indeed, the only statute he cites is R.C. 2929.11 that concerns the "overriding purpose of felony sentencing."   However, case law subsequent to Kalish relegates consideration of this statute to the trial court's discretionary authority to impose a sentence. See State v. Winston, Summit App. No. 24761, 2010-Ohio-1354, at ¶¶54-57; State v. McGowan, Jefferson App. No. 09JE24, 2010-Ohio-1309, at ¶¶2 & 67-71.   Consequently, we must now consider whether the trial court's order that the sentences be served consecutively constitutes an abuse of discretion.

{¶ 20} Generally, an "abuse of discretion" is more than an error of law or judgment; rather, it implies that a court's attitude was unreasonable, arbitrary or unconscionable. State v. Herring (2002), 94 Ohio St.3d 246, 255, 762 N.E.2d 940; State v. Adams (1980), 60 Ohio St.2d 151, 157, 404 N.E.2d 144. When reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181. Further, to establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but perversity of will; not the exercise of judgment, but defiance of judgment; and not the exercise of reason, but, instead, passion or bias. Vaught v. Cleveland Clinic Found., 98 Ohio St.3d 485, 787 N.E.2d 631, 2003-Ohio-2181, ¶13; Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.

{¶ 21} At the outset, we note that trial courts are not required to explain their reasoning for imposing consecutive sentences. See State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio- 856, at ¶100. Nevertheless, our review of the record in the instant case reveals that the trial court provided a detailed explanation for its decision and cited several factors: (1) the speed that appellant drove his vehicle, (2) the fact that appellant bragged to others about his speed, and (3) the absence of any "true remorse" during his testimony. The trial judge also explicitly noted that in a career spanning thirty-three years, during which he has been involved in many vehicular homicide cases, he found this case to be "one of the worst forms of the offense."

{¶ 22} There is no dispute that this incident is a sad and tragic matter. As a result of appellant's reckless actions and poor decision-making, a young passenger

needlessly lost her life and another young passenger suffered serious bodily injury.

{¶ 23} In view of the particular facts and circumstances of this case, and considering the trial court's thoughtful deliberation before it imposed sentence, we cannot conclude that the court's decision to impose consecutive sentences is arbitrary, unreasonable or unconscionable.   Thus, we find no abuse of discretion in this regard.

{¶ 24} Accordingly, based upon the foregoing reasons we hereby overrule appellant's first assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.


Harsha, J.:   Concurring.

{¶ 25} Although I concur in judgment and opinion concerning the second assignment of error, had the appellant preserved the issue of prosecutorial misconduct for review under a less rigorous standard than plain error, I would have found prejudicial error.


JUDGMENT ENTRY

It is ordered the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J.: Concurs in Judgment & Opinion
Harsha, J.: Concurs in Judgment & Opinion with Concurring Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.