[Cite as *State v. Daniels*, 2011-Ohio-5603.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                      :        Case No.   11CA3423

    vs.                                               :

JON DANIELS,                                      :        DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                     :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:        Richard M. Nash, Jr., 602 Chillicothe Street, Ste. 700,
Portsmouth, Ohio 45662

COUNSEL FOR APPELLEE:         Mark Kuhn, Scioto County Prosecuting Attorney, and Pat
Apel, Scioto County Assistant Prosecuting Attorney, 602
Seventh Street, Room 310, Portsmouth, Ohio 45662

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 10-24-11

ABELE, J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court judgment of

conviction and sentence.   A jury found Jon Daniels, defendant below and appellant herein, guilty

of (1) assault in violation of R.C. 2903.13(A)&(C)(3), and (2) obstructing official business in

violation of R.C. 2921.31(A)&(B).

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN DENYING APPELLANT'S
MOTION FOR MISTRIAL."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE SENTENCE IT IMPOSED WAS BASED ON FACTORS WHICH WERE UNDISCLOSED, AND ON ALLEGATIONS WHICH WERE NEITHER CHARGED NOR TRIED."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN IMPOSING A SENTENCE CONTRARY TO LAW."

{¶ 3} On the afternoon of July 17, 2009, the Scioto County Sheriff's Department dispatched Deputy Kevin Metzler to meet Jessica Daniels, appellant's wife, and several of her family members. The purpose of this contact involved serving appellant with a civil protection order and taking custody of the couple's children. At the couple's home, an altercation occurred between Daniels and appellant's mother. As soon as Deputy Metzler got that situation under control, appellant came to the scene and all "chaos" broke loose, with appellant shouting and swearing that he was "not fucking doing this again."

{¶ 4} After Deputy Metzler ordered Daniels and her family to return to their cars, he focused his attention on calming appellant and his family. Although Deputy Metzler and appellant's own mother advised appellant to calm down, appellant insisted that there "aint [sic] no one taking his fucking kids." When Deputy Metzler stepped onto to the porch to serve the court order, appellant shoved him down the stairs. Although not injured from the shove, Deputy Metzler dropped both his flashlight and the papers that he intended to serve on appellant.

{¶ 5}   On August 19, 2009, the Scioto County Grand Jury returned an indictment that charged appellant with (1) assault on a peace officer in violation of R.C. 2903.13(A)&(C)(3), and (2) obstructing official business in violation of R.C. 2921.31(A)&(B).   Appellant pled not guilty and the matter came on for a two day jury trial.

{¶ 6}   At trial, Deputy Metzler, Jessica Daniels and Faith Pennington (Daniels' mother) recounted their version of the events.   The defense, however, offered a diametrically different theory and portrayed Deputy Metzler and Faith Pennington as the aggressors in this incident. Linda Williams, appellant's mother, described how their vehicles came speeding onto the property.   Williams also agreed with counsel that the event was similar to the 1993 Alcohol, Tobacco and Firearm (ATF) assault in Waco, Texas.   Both Williams and appellant characterized Metzler and Pennington as the aggressors.   Appellant also denied shoving Metzler, and his denial was corroborated by Matthew Richendollar, a friend, who claimed that he observed the incident.

{¶ 7}   After hearing the evidence and counsels' arguments, the jury returned guilty verdicts on both charges.   The trial court sentenced appellant to serve thirty days in jail, with credit for twenty-nine days already served, together with a five year community control sanction.  This appeal followed.

I

{¶ 8}   Appellant's first assignment of error involves the trial court's denial of a motion for a mistrial.   Deputy Metzler, on direct examination, was questioned about the petition for the Civil Protection Order that he was directed to serve on appellant.   Jessica Daniels, on cross examination, was also asked about that document.   On re-direct, the prosecutor played an audio tape of a telephone message that appellant had left for Daniels.   That tape contained   swearing,

as well as appellant's threat to take a sledge hammer to his wife's cell phone. After only a few sentences, however, the trial court ordered the tape be shut off and directed the jury to disregard it. Appellant requested a mistrial, but the court denied the motion.

{¶ 9} On appeal, appellant argues that the trial court erred by denying his motion. The prosecution asserts that this evidence is relevant and admissible, and, thus, no grounds existed for a mistrial. For purposes of our review, we will assume, arguendo, that the evidence was improper and inadmissible. That said, we are not persuaded that the trial court should have granted the request for a mistrial.

{¶ 10} Our analysis begins with the well-settled premise that the decision whether to grant a mistrial rests within a trial court's sound discretion, and its decision will not be reversed absent an abuse of that discretion. State v. Murphy, Scioto App. No. 09CA3311, 2010-Ohio-5031, at ¶83; State v. Wharton, Ross App. No. 09CA3132, 2010-Ohio-4775, at ¶25. An abuse of discretion is more than an error of law or judgment; rather, it implies that a court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331; State v. Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894. When reviewing a matter under the abuse of discretion standard of review, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.

{¶ 11} Generally, a mistrial should not be granted due to some error or irregularity unless an accused's substantial rights are adversely affected. Wharton, supra at ¶25; State v. Thompson, Ross App. No. 08CA3032, 2009-Ohio-1115, at ¶ 8; State v. Nichols (1993), 85 Ohio App.3d 65, 69, 619 N.E.2d 80. In the case sub judice, appellant asserts that the evidence did

adversely affect his substantial rights because it involved evidence of other bad acts that may have prejudiced the jury into thinking he is a violent person.

{¶ 12} Appellant's argument would arguably have greater weight if he was charged with domestic violence perpetrated against his wife. He was not. Rather, appellant was charged with assault and obstructing official business. As an exasperated trial court noted on more than one occasion, each side attempted to turn "this thing into a domestic violence case." However, the central question was whether appellant assaulted Deputy Metzler. Although the audio tape may have arguably prejudiced a jury considering an act of domestic violence against his wife, that is not quite the same thing as a propensity to assault a peace officer.

{¶ 13} We further note that the trial court instructed the jury to disregard the audio tape. A jury is presumed to follow all of a court's curative instructions. Wharton, supra at ¶26; State v. Murphy, Scioto App. No. 09CA3311, 2010-Ohio-5031, at ¶81; State v. Dixon, Scioto App. No. 09CA3312, 2010-Ohio-5032, at ¶43. This presumption is rebuttable, but, again, because appellant was charged with assaulting Deputy Metzler, we are not persuaded it has been rebutted here and we are not persuaded that appellant has been unduly prejudiced in his trial for assaulting a peace officer.

{¶ 14} Finally, in view of the testimony from Deputy Metzler and Jessica Daniels that appellant shoved Metzler down the stairs, we are not persuaded that the outcome of trial would have been otherwise but for the playing of the audio tape for the jury. See State v. Baird (Jul. 21, 1985), Clermont App. No. CA84-12-092; State v. Houston (Nov. 28, 1979), Hamilton App. No. 317. Considerable evidence was adduced to establish the elements of the offenses and we do not believe that the jury would have returned a different verdict if the tape had not been played.

{¶ 15} Therefore, for these reasons, we do not believe that the trial court's decision to overrule the motion for mistrial constitutes an abuse of discretion. Thus, we hereby overrule appellant's first assignment of error.

II

{¶ 16} In his second assignment of error, appellant asserts that insufficient evidence supports his convictions. Appellant further asserts that his convictions are against the manifest weight of the evidence.[1] We disagree with appellant.

{¶ 17} When reviewing the sufficiency of the evidence, appellate courts look to the adequacy of the evidence and whether that evidence, if believed by the trier of fact, supports a finding of guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541; State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492. In other words, after viewing the evidence, and each inference that can reasonably drawn therefrom, in a light most favorable to the prosecution, could any rational trier of fact have found all essential elements of the offense beyond a reasonable doubt? See State v. Were, 118 Ohio St.3d 448, 890 N.E.2d 263, 2008-Ohio-2762; at ¶132; State v. Hancock, 108 Ohio St.3d 57, 840 N.E.2d 1032, 2006-Ohio-160, at ¶34; State v. Jones (2000), 90 Ohio St.3d 403, 417, 739 N.E.2d 300.

{¶ 18} R.C. 2903.13(A)&(C)(3) proscribes a knowing attempt to cause physical harm to a peace officer in the performance of his duty. At trial, Deputy Metzler testified that in the process of serving a court order to remove the children from appellant's home, appellant "lunged forward and hit [him] with both hands" and knocked him three feet back down the stairs of the porch. This testimony is sufficient to prove the elements of that offense.

---

[1] Appellant correctly notes in his brief that a sufficiency of the evidence argument is fundamentally different from a

{¶ 19} R.C. 2921.31(A)&(B) proscribes impeding a public official in the performance of his lawful duty and, in doing so, creating a risk of physical harm. Again, Deputy Metzler testified that he almost fell when appellant pushed him down the stairs. The documents he intended to serve, and his flashlight, fell to the ground. When asked if he was able to serve the documents on appellant that evening, Deputy Metzer replied "No." This testimony constitutes sufficient evidence to prove the elements of the offense.

{¶ 20} The gist of appellant's argument in this assignment of error appears to be that the jury should not have believed Metzler. Appellant cites his own trial testimony where he explained he did not shove Metzler at all, and that the only contact he had with the deputy was putting his "arm to the side" to get around Metzler so that he could prevent Faith Pennington (his mother-in-law) from entering the house and taking his son. Appellant explained "I didn't even mean to touch the deputy." Appellant argues that this not only negates all the evidence adduced against him, but renders it impossible to show the requisite mens rea.

{¶ 21} We readily concede that the parties presented to the jury entirely different versions of the events. However, those conflicts in the evidence involve the weight and credibility of the evidence, not the sufficiency of the evidence. It is the duty of the trier of fact to resolve any conflicts in the evidence presented at trial. Deputy Metzler's testimony, if the trier of fact so believed, constitutes sufficient evidence to support a conviction for both offenses. Thus, we reject the first part of his argument.

{¶ 22} As to appellant's claim that his conviction is against the manifest weight of the evidence, we note that reviewing courts will not reverse convictions on manifest weight of the

---

weight of the evidence argument. See State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541.

evidence grounds unless it is obvious that the jury lost its way and created such a manifest miscarriage of justice that reversal and a new trial are required. See State v. Earle (1997), 120 Ohio App.3d 457, 473, 698 N.E.2d 440; State v. Garrow (1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814.

{¶ 23} Here again, appellant's argument rests on the premise that his testimony was more credible than Deputy Metzler. However, we point out that the weight and credibility of the evidence are issues that the trier of fact must determine. See State v. Frazier, 115 Ohio St.3d 139, 873 N.E.2d 1263, 2007-Ohio-5048, at ¶106; State v. Dye (1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763. The jury, sitting as the trier of fact, is free to believe all, part or none of the testimony of any witness who appears before it. State v. Colquitt, 188 Ohio App.3d 509, 936 N.E.2d 76, 2010-Ohio-2210, at ¶10, fn. 1; State v. Nichols (1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80. Of course, the underlying rationale for deference to the trier of fact on evidence weight and witness credibility issues is that the trier of fact is best positioned to view the witnesses, to observe their demeanor, gestures and voice inflections and to use those observations to weigh witness credibility. See Myers v. Garson (1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.

{¶ 24} In the case sub judice, the jury obviously found the prosecution's evidence more compelling than appellant's evidence. This is well within the scope of the trier of fact's duty, and we find nothing in the record to persuade us that we should second-guess those findings.

{¶ 25} To the extent that appellant claims that no risk of physical harm existed from shoving Deputy Metzler backwards, we disagree with appellant. Had the deputy fallen down the stairs or off the porch, it is conceivable that he could have sustained injury.

{¶ 26} For these reasons, we find that (1) sufficient evidence supports appellant's

convictions, and (2) appellant's convictions are not against the manifest weight of the evidence. Thus, we hereby overrule appellant's second assignment of error.

### III

{¶ 27} We next proceed to appellant's fourth assignment of error wherein he asserts that the trial court erred by imposing sentences without specifying the underlying offenses for which they were imposed. On this point, the appellee concedes the error. The original and nunc pro tunc judgment entries both sentenced appellant to five years community control, thirty days in jail, counseling and a $500 fine. However, nowhere does the court specify which sentence corresponds to a particular offense.

{¶ 28} If a defendant is convicted of multiple offenses, Ohio law requires the trial court to sentence on each individual offense. See, generally, State v. Saxon, 109 Ohio St.3d 176, 846 N.E.2d 824, 2006-Ohio-1245, at ¶8; also see State v. Tooley, Medina App. Nos. 09CA0098–M, 09CA0099–M & 09CA0100–M, 2011-Ohio-2449, at ¶¶ 12-13; State v. Parker, Clark App. No. 10CA0074, 2011-Ohio-1418, at ¶87. Here, the judgment entries do not state which sentence apply for each crime. We also note that this is not a single, procedural technicality. Appellate review of a sentence requires us to engage in a two-step process. See State v. Kalish, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912, at ¶ 4. In the first step, we must ascertain if the court complied with all applicable statues and rules. Id; State v. Ritchie, Pickaway App. No. 10CA20, 2011-Ohio-164, at ¶6; State v. Lansing, Highland App. No. 09CA27, 2010-Ohio-6352, at ¶18. If it did, the next step is to determine whether the court's imposition of those sentences constitutes an abuse of discretion. Kalish, supra at ¶4.

{¶ 29} If a trial court does not designate what punishment is attributable to a particular offense, an appellate court cannot review whether the trial court's sentence exceeded the

permissible statutory range and, thus, cannot carry out an appropriate appellate review.

{¶ 30} Thus, we hereby sustain appellant's fourth assignment of error.

IV

{¶ 31} In his third assignment of error, appellant asserts that the sentences the trial court handed down constitute an abuse of discretion. However, in view of our ruling under appellant's fourth assignment of error, and considering that this will be remanded for re-sentencing, we disregard this assignment of error as moot. See App.R. 12(A)(1)(c).

{¶ 32} Having sustained appellant's fourth assignment of error, we hereby affirm the trial court's judgment in part and reverse the judgment in part, vacate appellant's sentences and remand the matter for re-sentencing pursuant to this opinion.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

Harsha, P.J., Concurring:

{¶ 33} Rather than merely assuming the audio tape was inadmissible, I would expressly find it to be so. However, in light of the testimony of Metzler and Ms. Daniels, I conclude its admission was harmless beyond a reasonable doubt. I concur in judgment and opinion in all other regards.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed in part, reversed in part and the case be remanded for further proceedings consistent with this opinion. Appellant to recover of appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing Scioto County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J.: Concurs with Concurring Opinion
McFarland, J.: Concurs in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.