DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, A.B., appeals from the decisions of the Wayne County Court of Common Pleas, Juvenile Division, which imposed previously suspended sentences after finding that Defendant violated his probation. We affirm.
 {¶ 2} On August 19, 1999, a complaint was filed against Defendant in Juvenile Court alleging that he was delinquent for committing two counts of breaking and entering, one count of petty theft, and one count of theft (Case No. 99-0955-DEF). Defendant admitted to the complaint whereupon the court adjudicated him delinquent and ordered Defendant to be committed to the Department of Youth Services (DYS) for an aggregate minimum of six months, maximum to age 21. The court then suspended that order of commitment, and placed Defendant on probation.
 {¶ 3} On January 5, 2001, a second complaint was filed against Defendant in Juvenile Court alleging that he was delinquent for committing one count of gross sexual imposition (Case No. 01-0020-DEF). The court adjudicated Defendant delinquent, and ordered commitment to DYS of a minimum of six months, maximum to age 21. The court, again, suspended that order of commitment and placed Defendant on probation.
 {¶ 4} Then, on February 2, 2004, a probation violation complaint was filed against Defendant in the Juvenile Court (Case No. 04-0082-PRV). Following a hearing, the court found that Defendant had violated the court's probation orders, and imposed the two previous suspended commitments to DYS. Defendant filed a timely appeal in Case Nos. 99-0955-DEF and 01-0020-DEF raising two identical assignments of error in each case. The cases were consolidated on appeal. No appeal was entered in Case No. 04-0082-PRV.
 ASSIGNMENT OF ERROR I
"[Defendant] was denied his constitutional right to effective assistance of counsel. Sixth and Fourteenth Amendments, United States Constitution; Article I, Sections 10 and 16, Ohio Constitution; R.C. 2151.352; Juv.R 4(a) and 29(b)."
 {¶ 5} In his first assignment of error, Defendant alleges that he received ineffective assistance of counsel at the probation violation hearing. Specifically, Defendant notes that counsel basically admitted to the violation, and waived Defendant's rights to present evidence and confront the witnesses against him. Counsel further failed to object to hearsay statements offered by Defendant's probation officer in support of the complaint at the hearing. We find Defendant's contentions meritless.
 {¶ 6} The right to the effective assistance of counsel remains the same in both the adult and juvenile contexts. In reJ.J., 9th Dist. No. 21386, 2004-Ohio-1429, at ¶ 13, citing Inre Gault (1967), 387 U.S. 1, 41, 18 L.Ed.2d 527. Thus, the standard for determining whether counsel was ineffective in a juvenile proceeding is the same as that applied in criminal cases. In re J.J. at ¶ 13. The United States Supreme Court has laid down a two-prong test to determine whether counsel's performance was ineffective. Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674. A defendant must first show deficiencies in counsel's performance that were "so serious that counsel was not functioning as the `counsel' guaranteed by theSixth Amendment." Id. Second, the defendant must show that counsel's deficient performance resulted in prejudice which was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 {¶ 7} Prejudice exists when there is a reasonable probability that, but for counsel's errors, the result of the trial would have differed. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The court may also consider the reasonableness of counsel's challenged conduct in relation to the particular facts of the case. State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 49. This Court may dispose of a claim of ineffective assistance of counsel by analyzing only the second prong of the test where defendant fails to show sufficient resulting prejudice. In re J.J. at ¶ 16.
 {¶ 8} In this particular case, Defendant asserts that his "attorney's representation was deficient and resulted in prejudice[.]" While Defendant explains with particularity which actions by defense counsel he asserts were ineffective, he makes no showing of prejudice. He never argues that the representations of defense counsel in admitting to the probation violation were false. As Defendant has failed to show that any prejudice resulted from his counsel's performance, we overrule his first assignment of error.
 ASSIGNMENT OF ERROR II
"The evidence presented at [Defendant's] probation violation adjudication was not of a substantial nature to support a finding that he violated the court's orders."
 {¶ 9} In his second assignment of error, Defendant asserts that the evidence presented at the hearing was not enough to support a finding that he violated his probation. Defendant contends that the hearsay statements offered by his probation officer alone are not enough to support the finding. Defendant also contests that he admitted, through counsel, to the probation violation. We disagree with Defendant's assertions.
 {¶ 10} The State is required to produce substantial evidence to support a finding of a probation violation. State v. Mingua
(1974), 42 Ohio App.2d 35, 40; State v. Charlton (Jan. 29, 1992), 9th Dist. No. 91CA005113, at 2. In this case, Defendant, through counsel, admitted to the violation. Substantial evidence supporting the finding, therefore, existed. Accordingly, we overrule Defendant's second assignment of error.
 {¶ 11} We overrule Defendant's assignments of error and affirm the judgment of the Wayne County Court of Common Pleas, Juvenile Division.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Boyle, J., concur.