[Cite as *In re K.J.*, 2020-Ohio-1479.]

STATE OF OHIO      )
                    )ss:
COUNTY OF SUMMIT    )

IN RE: K.J.

|  |  |
|---|---|
| | IN THE COURT OF APPEALS |
| | NINTH JUDICIAL DISTRICT |
| | |
| | C.A. No.    29585 |
| | |
| | |
| | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| | CASE No.    DN 17-04-0274 |

DECISION AND JOURNAL ENTRY

Dated: April 15, 2020

HENSAL, Judge.

**{¶1}** Appellant E.S. ("Grandmother") appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated the parental rights of all alleged fathers of K.J. and awarded permanent custody of the child to Summit County Children Services Board ("CSB"). This Court affirms.

I.

**{¶2}** Grandmother is the maternal grandmother of K.J. (d.o.b. 11/15/06). Mother is deceased, and paternity for the child has never been established. Grandmother became the child's legal custodian after Mother died when K.J. was two years old. CSB received emergency temporary custody of the child in 2017, after Grandmother overdosed in the child's presence, and no other family member was available to care for the child. CSB filed a complaint alleging that K.J. was a dependent child. Grandmother stipulated to the allegations in the complaint, and the child was adjudicated dependent. Grandmother filed a motion for legal custody.

{¶3} After a dispositional hearing, K.J. was placed in the temporary custody of the agency. The juvenile court adopted CSB's case plan which sought to reunify the child with her prior legal custodian. Grandmother initially had two hours of monitored visitation and one monitored phone call each week with the child. Based on Grandmother's inappropriate behavior during visits and phone calls, threats made to the foster family, and the tumultuous and disrespectful nature of the relationship between K.J. and Grandmother, visitations and phone calls were suspended.

{¶4} K.J.'s initial foster placement disrupted after alleged associates of Grandmother went to the foster home and made threats. During the proceedings, the child was placed in three different foster homes and with two different maternal relatives in Georgia. CSB moved for permanent custody but withdrew its motion when the child's grandfather in Georgia was approved for placement. The child herself moved for permanent custody but later withdrew her motion to join in the agency's pursuit of legal custody to the grandfather. The grandfather changed residences, thereby delaying approval by Georgia child protective services for the child's placement. Because the case had been pending for 23 months, CSB again filed a motion for permanent custody, asserting that the agency could not move for legal custody to the grandfather until Georgia child protective services had approved that disposition. After eventual placement with her grandfather, K.J. was returned to foster care after a domestic conflict in that home. Although she was placed with other maternal relatives in Georgia, that family indicated that it could not maintain the child in their home. K.J. was returned to foster care in Ohio.

{¶5} Based on evidence adduced at the permanent custody hearing, the juvenile court found that K.J. had been in the temporary custody of CSB in excess of twelve months during the past 22-month period and that it was in the child's best interest to terminate all alleged fathers'

parental rights and place the child in the permanent custody of CSB. Grandmother filed a timely appeal in which she raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

[GRANDMOTHER'S] COUNSEL WAS INEFFECTIVE FOR NOT REQUESTING A CONTINUANCE WHEN [GRANDMOTHER] WAS NOT PRESENT FOR THE PERMANENT CUSTODY HEARING, AND STIPULATING TO VARIOUS TESTIMONY, WITHOUT SHOWING SHE DISCUSSED SUCH WITH [GRANDMOTHER].

{¶6} Grandmother argues that trial counsel was ineffective for failing to request a continuance of the permanent custody hearing after Grandmother did not appear for the hearing. She further argues that counsel was ineffective for stipulating to certain evidence without showing that counsel had discussed the stipulations with Grandmother. This Court disagrees.

{¶7} To establish a claim of ineffective assistance of counsel, Grandmother must demonstrate that her trial counsel's performance was deficient, and that the deficient performance prejudiced her case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A "deficient performance" is one that fell below an objective standard of reasonableness. *Id.* at 687-688. To establish prejudice, Grandmother must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. An appellate court may dispose of a claim of ineffective assistance of counsel based solely on the aggrieved party's failure to demonstrate the requisite prejudice. *In re A.B.*, 9th Dist. Wayne Nos. 04CA0017 and 04CA0018, 2004-Ohio-4724, ¶ 7.

{¶8} This Court has held that, although a parent has a due process right to be present at a permanent custody hearing, the right is not absolute. *In re J.S.*, 9th Dist. Lorain No. 10CA009908, 2011-Ohio-985, ¶ 17, citing *In re J.W.*, 9th Dist. Summit No. 24924, 2009-Ohio-

6957, ¶ 20. Where a parent has received proper notice of the permanent custody hearing and is represented by counsel during the proceedings, a parent's unexplained failure to attend the hearing does not implicate due process concerns. *In re J.S.* at ¶ 16.

{¶9} In this case, Grandmother is not K.J.'s parent. Grandmother cites no authority, and this Court finds none, for the proposition that a former nonparent-legal custodian attains the same paramount rights as those accorded to parents. In any event, however, Grandmother does not dispute that she was personally served with notice of the permanent custody hearing. In addition, she was represented by counsel throughout the entire proceedings. Her attorney asserted that she attempted to call Grandmother the day before the hearing, but that Grandmother's phone number was no longer in service. At the hearing, trial counsel for Grandmother cross-examined witnesses, presented a case-in-chief on behalf of Grandmother, and made numerous objections throughout the proceedings to the admission of certain evidence. Grandmother's interests were protected in her unexplained absence. Even assuming without deciding that counsel was ineffective in failing to move for a continuance, under these circumstances, Grandmother has not demonstrated that she suffered prejudice as a result of her absence.

{¶10} Grandmother additionally argues that trial counsel was ineffective for stipulating to the admission of certain exhibits in her client's absence. Grandmother does not identify the challenged exhibits in her brief. Significantly, a review of the record indicates that Grandmother's trial counsel challenged the admissibility of certain agency exhibits, including Grandmother's counseling records from two different providers. In addition, counsel challenged the admissibility of the entire docket from a civil foreclosure action involving Grandmother.

{¶11} Trial counsel stipulated to the admissibility of four agency exhibits, all of which were certified copies of court orders regarding Grandmother, and one of which was the instant

case before the juvenile court. Grandmother asserts that she would not have agreed to stipulate to the admission of those four exhibits, but she makes no argument as to how their admission prejudiced her. This Court declines to make such an argument on her behalf. *See First Natl. Bank of Pennsylvania v. Nader*, 9th Dist. Medina No. 16CA0004-M, 2017-Ohio-1482, ¶ 80, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out."); *see also* App.R. 12(A)(2) and App.R. 16(A)(7).

{¶12} For the foregoing reasons, Grandmother has not demonstrated that trial counsel was ineffective. The assignment of error is overruled.

III.

{¶13} Grandmother's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DENISE E. FERGUSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.