[Cite as *In re A.C.*, 2022-Ohio-2761.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE:

    A.C.

    J.C.

    Dependent children

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case Nos. 2021 CA 74 and 2021 CA 75

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Juvenile Division, Case Nos. 2021 DEP 00045 and 2021 DEP 00046 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 10, 2022 |

APPEARANCES:

For Plaintiffs-Appellees

CHRISTOPHER ZUERCHER
TIFFANY BIRD
SARAH EE MUSSMAN
RICHLAND CCS
731 Scholl Road
Mansfield, Ohio 44907

For Defendant-Appellant Father

BRIAN A. SMITH
BRIAN A. SMITH LAW FIRM, LLC
123 South Miller Road,
Suite 250
Fairlawn, Ohio 44333

*Wise, J.*

{¶1}    Appellant-Father L.C. appeals the September 24 2021, decision of the Richland County Court of Common Pleas, Juvenile Division, which terminated temporary custody of the minor children to the paternal grandparents, terminated the order of protective supervision previously granted to Richland County Children Services and returned the children to the natural care and custody of their Mother, K.M.

## STATEMENT OF THE FACTS AND CASE

{¶2}    This matter came before the trial court on a Complaint filed by Appellee Richland County Children Services (RCCS) on March 15, 2021. The Complaint alleged A.C. and J.C. to be Abused and Dependent children pursuant to R.C. §2151.031(A) and R.C. §2151.04(C).

{¶3}    As to Appellant-Father, the alleged presenting problems included "non-accidental injury and/or trauma to the children, criminal issues, and concerns of his wife's mental health." Complaints of A.C. and J.C. at ¶12.

{¶4}    On March 25, 2021, Appellant-Father and Mother appeared before the trial court and both asserted their right to counsel. That same day, a Magistrate's Temporary Order was filed which granted an Interim Order of Temporary Custody to the children's Paternal Grandfather and Step-Grandmother.

{¶5}    On May 6, 2021, Mother, represented by counsel, agreed to a finding of Dependency as to each child, with Appellee RCCS dismissing the allegation of abuse, and admitted and agreed to the proposed disposition of Appellee.

{¶6} Appellant-Father was represented by counsel at this hearing, but not present. The trial court found the minor children Dependent as to Mother, subject to the resolution of the complaints as they related to Appellant-Father.

{¶7} On June 11, 2021, Appellant-Father appeared before the trial court, represented by counsel, wherein he agreed to a finding of Dependency as to each child, with Appellee dismissing the allegation of abuse. The trial court then specifically found that "the presenting problems necessitating a finding of Dependency regarding Father, [Appellant], include non-accidental injury and/or trauma to the children, alleged criminal activity, and concerns of his wife's mental health." Magistrate's Decisions for A.C. and J.C. filed June 11, 2021 at ¶5.

{¶8} On July 6, 2021, a dispositional hearing was held, wherein Appellant-Father waived his right to a trial and agreed that it was in the best interest of the children to be placed with Paternal Grandfather and Step-Grandmother.

{¶9} On September 10, 2021, Appellee RCCS filed a Motion for Disposition that requested the trial court to return the minor children to the custody of Mother. Appellee attached with their motion Exhibit A, Summary of Case Plan Compliance and Reasonable Efforts. Within this, Appellee RCCS acknowledged Appellant-Father's compliance with the case plan but stated that "[d]ue to the risk of harm that the substantiated sexual and physical abuse listing [Appellant] as the alleged perpetrator and [A.C.] as the alleged victim, Richland County Children Services believes that placing the children in the care of their father would not be in their best interest and would put them at significant risk of further victimization of abuse." RCCS further alleged in their Exhibit that both minor children "continued to display sexualized and trauma indicative behaviors; however ... the

sexualized and trauma indicative behaviors have decreased." Appellee also noted in Exhibit A the bond between the children and Mother and the fact that A.C. had reported to the casework that "she would like to live with her mother again."

**{¶10}** RCCS' Motion for Disposition at ¶5 included language from R.C. §2151.353(H)(1), which stated in bold letters "Any party may object to the above Motion by filing a written request for a hearing within seven (7) days of the date this notice was sent. If a timely request is not filed, the Court may grant/approve the Motion without a hearing. R.C. 2151.353(H)(1)."

**{¶11}** No objection was raised by any party.

**{¶12}** On September 24, 2021, a Magistrate's Decision was filed granting the requested disposition and specifically finding it to be in the children's best interest to be returned to the natural care and custody of Mother.

**{¶13}** It is from this judgment entry Father appeals, assigning the following errors:

### ASSIGNMENTS OF ERROR

**{¶14}** "I. THE TRIAL COURT ABUSED ITS DISCRETION EXERCISING JURISDICTION IN RETURNING THE MINOR CHILDREN TO THE CUSTODY OF MOTHER, K.M., BECAUSE THE TRIAL COURT DID NOT HAVE JURISDICTION, PURSUANT TO R.C. 3127.16.

**{¶15}** "II. THE FAILURE OF APPELLANT'S TRIAL COUNSEL TO OBJECT TO THE TRIAL COURT'S JURISDICTION CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL AND VIOLATED APPELLANT'S RIGHT TO COUNSEL UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**{¶16}** "III. THE FAILURE OF APPELLANT'S TRIAL COUNSEL TO REQUEST A HEARING ON APPELLEE'S MOTION FOR DISPOSITION CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL AND VIOLATED APPELLANT'S RIGHT TO COUNSEL UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**{¶17}** "IV. THE FAILURE OF APPELLANT'S TRIAL COUNSEL TO FILE OBJECTIONS TO THE MAGISTRATE'S DECISION CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL AND VIOLATED APPELLANT'S RIGHT TO COUNSEL UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**{¶18}** "V. THE CUMULATIVE ERRORS OF APPELLEE'S TRIAL COUNSEL CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

**{¶19}** This case comes to us on the expedited calendar and shall be considered in compliance with App.R. 11.2(C).

I.

**{¶20}** In his first assignment of error, Appellant-Father argues the trial court abused its discretion by exercising jurisdiction in this matter. We disagree.

**{¶21}** Specifically, Appellant argues that the trial court did not have jurisdiction over this matter pursuant to R.C. §3127.16 because the parties had entered into a Shared

Parenting Plan in the Wayne County Juvenile Court on November 18, 2020, (Wayne County Case Nos. 2020 JUV-G 000483 and 2020 JUV-G 000484).

**{¶22}** Upon review, we find Appellant's argument to be without merit.

**{¶23}** In *In re Poling,* 64 Ohio St.3d 211, 594 N.E.2d 589 (1992), the Ohio Supreme Court held that the juvenile court maintains jurisdiction to make custody determinations pursuant to R.C. §2151.23(A)(2), even though there has been a divorce decree granting custody of the children to a parent and the domestic relations court maintained continuing jurisdiction to modify that decision. *Id.* at 215, 594 N.E.2d 589;

**{¶24}** In *Poling, supra,* the Supreme Court of Ohio specifically addressed the issue of a juvenile court's jurisdiction to determine custody of a child alleged to be abused, neglected, or dependent where custody had been determined in a prior divorce decree. In *Poling,* the parents were divorced and custody of the children was granted to the mother. *Id.* Thereafter, children services filed a neglect and dependency action and temporary custody was issued to the agency. The agency placed the children in their father's physical custody. *Id.* at 212, 594 N.E.2d 589.

**{¶25}** Following an uncontested hearing, the minor children were found to be dependent. The agency filed a motion to terminate its temporary custody order and grant custody of the children to the father. The mother filed objections which were overruled. On appeal, the appellate court reversed the trial court's judgment finding that because the parties were once married and the mother had been awarded legal custody, " 'legal custody can only be granted to [the father] * * * pursuant to a change of custody as prescribed by R.C. 3109.04(B).' " *Id.* at 212–213, 594 N.E.2d 589.

{¶26} On review, the Ohio Supreme Court determined that the plain language of R.C. §2151.23(A)(1) granted "exclusive original jurisdiction" to the juvenile court once the complaint in dependency and neglect was filed. *Id.* at 213, 594 N.E.2d 589. Such jurisdiction encompassed the court's ability to determine the care and custody of the children. The court stressed that this jurisdiction included children that were subject to a divorce decree granting custody. *See also In re O.M.*, 6th Dist. Lucas No. L-10-1028, 2010-Ohio-4709, ¶¶ 26-28; *In re S.K.L.*, 8th Dist. No. 102136, 2016-Ohio-2826, 64 N.E.3d 413, ¶ 13.

{¶27} Based on the foregoing, we find no abuse of discretion in the trial court's exercise of jurisdiction in this matter.

{¶28} Appellant-Father's first assignment of error is overruled.

### II., III., IV.

{¶29} In his second, third and fourth assignments of error Appellant asserts that he was denied the effective assistance of counsel. We disagree.

{¶30} "A parent is entitled to the effective assistance of counsel in cases involving the involuntary termination of his or her parental rights." *In re B.J. & L.J.*, 12th Dist. Warren Nos. CA2016-05-036 and Warren Nos. CA2016-05-038, 2016-Ohio-7440, ¶ 68. This is because "parental rights involve a fundamental liberty interest, procedural due process, which includes the right to effective assistance of counsel * * *." *In re Tyas*, 12th Dist. Clinton No. CA2002-02-010, 2002-Ohio-6679, ¶ 4, citing *In re Heston*, 129 Ohio App.3d 825, 827, 719 N.E.2d 93 (1998).

{¶31} To establish an allegation of ineffective assistance of counsel, an appellant must satisfy a two-prong test. First, an appellant must establish counsel's performance

has fallen below an objective standard of reasonable representation. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Second, An appellant must demonstrate he was prejudiced by counsel's performance. *Id.* To show he has been prejudiced by counsel's deficient performance, an appellant must prove, but for counsel's errors, the result of the trial would have been different. *Bradley,* at paragraph three of the syllabus.

**{¶32}** An appellant bears the burden of proof on the issue of counsel's effectiveness. *State v. Calhoun,* 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). In Ohio, a licensed attorney is presumed competent. *Id.*

**{¶33}** This Court may dispose of a claim of ineffective assistance of counsel based solely on the appellant's failure to demonstrate the requisite prejudice. *In re K.J.*, 9th Dist. Summit No. 29585, 2020-Ohio-1479, ¶ 7, citing *In re A.B.*, 9th Dist. Wayne Nos. 04CA0017 and 04CA0018, 2004-Ohio-4724, ¶ 7.

**{¶34}** Initially, Appellant argues that his counsel was ineffective for failing to object to the trial court's jurisdiction in this matter. Based on our disposition of Appellant's first assignment of error, we find this argument to be without merit.

**{¶35}** Next, Appellant argues that his counsel was ineffective in failing to request a hearing on the Agency's Motion for Disposition. Upon review, we find that Appellant admitted and agreed to the trial court's finding of dependency which included the allegations of "non-accidental injury and/or trauma to the children." Appellant has failed to establish how the outcome would have been different.

**{¶36}** Lastly, Appellant asserts that his counsel was ineffective in failing to object to the Magistrate's Decision because had counsel done so, he could have presented evidence to refute those facts to which he had previously admitted and agreed. Again, Appellant has failed to establish how the outcome would have been different.

**{¶37}** Accordingly, Appellant-Father is unable to establish he was prejudiced as the result of trial counsel's alleged deficient performance.

**{¶38}** Appellant-Father's second, third and fourth assignments of error are overruled.

**V.**

**{¶39}** In his fifth assignment of error, Appellant-Father argues trial counsel's cumulative errors and omissions violated his constitutional right to the effective assistance of counsel. We disagree.

**{¶40}** However, because none of Appellant-Father's individual claims of ineffective assistance has merit, he cannot establish a right to relief simply by joining those claims together. "Where no individual, prejudicial error has been shown, there can be no cumulative error." *In re R.L.*, 5th Dist. Richland App. Nos. 2021 CA 0070 & 2021 CA 0071, 2022-Ohio-1179, citing *State v. Jones,* 2d Dist. Montgomery No. 20349, 2005-Ohio-1208, ¶ 66.

**{¶41}** Appellant-Father's fifth assignment of error is overruled.

**{¶42}** The judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/kw 0802